John Andrew Leman (Alaska Bar No. 9706034)
jal@khe.com
Paul J. Jones (Alaska Bar No. 9411107)
pjj@khe.com
Jason M. Gist (Alaska Bar No. 0505020)
jmg@khe.com

KEMPPEL, HUFFMAN & ELLIS, P.C.
255 E. Fireweed Lane, Suite 200
Anchorage, Alaska 99503-2025
Telephone: (907) 277-1604
Facsimile: (907) 276-2493

*Attorneys for Alaska Village Electric Cooperative, Inc.*

RECEIVED
JUN 0 1 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE, ALASKA

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ALASKA VILLAGE ELECTRIC ) | Case No. 3:06-CV-00054-TMB |
| COOPERATIVE, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## AMENDED ANSWER OF DEFENDANT
## ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.

Defendant Alaska Village Electric Cooperative, Inc. ("AVEC"), submits its

answer and defenses to plaintiff Crowley Marine Services, Inc.'s ("Crowley's") complaint for

declaratory judgment, damages, and/or equitable relief.

## I.    ANSWER

## JURISDICTION AND VENUE

1.    AVEC admits that jurisdiction in the District Court of Alaska is proper.

2.    AVEC admits that venue is proper.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

fs\AVEC\CrowleyvAVEC\Pleadings\6-1-06\f

**THE PARTIES**

3.      AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 3 of Crowley's complaint, and therefore denies the same.

4.      AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 4 of Crowley's complaint, and therefore denies the same.

5.      AVEC admits that it is an Alaska rural electric cooperative corporation organized under Alaska Statutes 10.25 *et. seq.*, with its office in Anchorage, Alaska.

**FACTUAL ALLEGATIONS**

6.      AVEC admits the allegations contained in paragraph 6 of Crowley's complaint.

7.      AVEC admits the allegations contained in paragraph 7 of Crowley's complaint with the clarification that AVEC is an Alaska rural electric cooperative corporation.

8.      AVEC admits the allegations contained in paragraph 8 of Crowley's complaint with respect to issuing an invitation to bid ("ITB") on November 13, 2003.  AVEC denies, however, that the ITB was titled "2004 Fuel Bid – PUR-F-001/01."  The bid was entitled "2004 Fuel Bid — PUR-F-001/04."

9.      The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 9 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 9 of Crowley's complaint are denied by AVEC.

10.     The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 10 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 10 of Crowley's complaint are denied by AVEC.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

AMENDED ANSWER OF DEFENDANT ALASKA
VILLAGE ELECTRIC COOPERATIVE, INC.
3:06-CV-00054-TMB
Page 2 of 28
fs\AVEC\CrowleyvAVEC\Pleadings\6-1-06\f

11. The ITB speaks for itself. AVEC admits the allegations contained in paragraph 11 of Crowley's complaint insofar as they reflect the language of the ITB. Any deviations from the ITB contained in paragraph 11 of Crowley's complaint are denied by AVEC.

12. The ITB speaks for itself. AVEC admits the allegations contained in paragraph 12 of Crowley's complaint insofar as they reflect the language of the ITB. Any deviations from the ITB contained in paragraph 12 of Crowley's complaint are denied by AVEC.

13. The ITB speaks for itself. AVEC admits the allegations contained in paragraph 13 of Crowley's complaint insofar as they reflect the language of the ITB. Any deviations from the ITB contained in paragraph 13 of Crowley's complaint are denied by AVEC.

14. AVEC admits the allegations contained in paragraph 14 of Crowley's complaint.

15. AVEC admits the allegations contained in paragraph 15 of Crowley's complaint.

16. The Crowley Offer speaks for itself. AVEC admits the allegations contained in paragraph 16 of Crowley's complaint insofar as they reflect the language of the ITB. Any deviations from the ITB contained in paragraph 16 of Crowley's complaint are denied by AVEC.

17. The Crowley Offer speaks for itself. AVEC admits the allegations contained in paragraph 17 of Crowley's complaint insofar as they reflect the language of the ITB. Any deviations from the ITB contained in paragraph 17 of Crowley's complaint are denied by AVEC.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

18.     AVEC denies the allegations contained in paragraph 18 of Crowley's complaint.

19.     AVEC admits the allegations contained in paragraph 19 of Crowley's complaint.

20.     AVEC admits the allegations contained in paragraph 20 of Crowley's complaint.

21.     AVEC's letter dated February 20, 2004, speaks for itself.  AVEC admits the allegations contained in paragraph 21 of Crowley's complaint insofar as they reflect the language of the letter.  Any deviations from the letter contained in paragraph 21 of Crowley's complaint are denied by AVEC.

22.     AVEC denies the allegations contained in paragraph 22 of Crowley's complaint.

23.     AVEC admits the allegations contained in paragraph 23 of Crowley's complaint.

24.     AVEC admits that Crowley commenced deliveries to AVEC in mid May 2004 but denies any other allegation contained in paragraph 24 of Crowley's complaint.

25.     AVEC denies the allegations contained in paragraph 25 of Crowley's complaint.

26.     AVEC admits the allegations contained in the first sentence of paragraph 26 of Crowley's complaint.  AVEC admits the allegation contained in the second sentence of paragraph 26 of Crowley's complaint in that it paid only up to the Price Cap contained in Crowley's Offer.  AVEC denies that it "short-paid" Crowley's invoices.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

AMENDED ANSWER OF DEFENDANT ALASKA
VILLAGE ELECTRIC COOPERATIVE, INC.
3:06-CV-00054-TMB
Page 4 of 28
fs\AVEC\CrowleyvAVEC\Pleadings\6-1-06\f

27. AVEC admits the allegations contained in paragraph 27 of Crowley's complaint insofar as they reflect the language of Crowley's letter to AVEC dated July 9, 2004. Any deviations from the July 9, 2004, letter contained in paragraph 27 of the complaint are denied.

28. AVEC admits the allegation contained in paragraph 28 of Crowley's complaint insofar as Crowley continued to deliver fuel to AVEC in 2004. AVEC denies that the July 9, 2004, letter reserved Crowley's right to recover payment from AVEC.

29. AVEC admits the allegations contained in paragraph 29 of Crowley's complaint.

30. AVEC admits the allegations contained in paragraph 30 of Crowley's complaint.

31. AVEC denies the allegations contained in paragraph 31 of Crowley's complaint.

32. AVEC admits the allegations contained in paragraph 32 of Crowley's complaint.

33. Exhibit E, the May 3, 2005, letter from Crowley to AVEC, speaks for itself. AVEC denies the allegations contained in paragraph 33 of Crowley's complaint insofar as the allegations are inconsistent with Exhibit E.

34. AVEC admits that Crowley continued to invoice AVEC using the indexed price for fuel contained in its bid to AVEC. AVEC denies any other allegations contained in paragraph 34 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

35.    AVEC admits the allegations contained in paragraph 35 of Crowley's complaint.

36.    AVEC denies the allegations contained in paragraph 36 of Crowley's complaint.

37.    AVEC admits that, as called for under its contract, it expects Crowley will deliver its fuel in 2006.

38.    AVEC admits that it expects Crowley to honor its contract and that AVEC will pay the lower of the Indexed Price or the Price Cap for the fuel Crowley delivers in 2006. AVEC denies any other allegation in paragraph 38 of Crowley's complaint.

**COUNT I**
**CLAIM FOR DECLARATORY RELIEF**
**[28 U.S.C. § 2201 _et seq._]**

39.    Answering paragraph 39 of Crowley's complaint, the allegations of paragraphs 1-38 above are realleged and incorporated by reference herein.

40.    AVEC admits the allegations contained in paragraph 40 of Crowley's complaint.

41.    The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 41 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 41 of Crowley's complaint are denied by AVEC.

42.    The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 42 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 42 of Crowley's complaint are denied by AVEC.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

43.    Crowley's bid speaks for itself. AVEC admits the allegations contained in paragraph 43 of Crowley's complaint insofar as they reflect the language of the Crowley bid. Any deviations from the Crowley bid contained in paragraph 43 of Crowley's complaint are denied by AVEC.

44.    Crowley's bid speaks for itself. AVEC admits the allegations contained in paragraph 44 of Crowley's complaint insofar as they reflect the language of Crowley's bid. Any deviations from Crowley's bid contained in paragraph 44 of Crowley's complaint are denied by AVEC.

45.    Crowley's bid speaks for itself. AVEC admits the allegations contained in paragraph 45 of Crowley's complaint insofar as they reflect the language of Crowley's bid. Any deviations from Crowley's bid contained in paragraph 45 of Crowley's complaint are denied by AVEC.

46.    The ITB speaks for itself. AVEC admits the allegations contained in paragraph 46 of Crowley's complaint insofar as they reflect the language of the ITB. Any deviations from the ITB contained in paragraph 46 of Crowley's complaint are denied by AVEC.

47.    Crowley's bid speaks for itself. AVEC admits the allegations contained in paragraph 47 of Crowley's complaint insofar as they reflect the language of Crowley's bid. Any deviations from Crowley's Indexed Price bid contained in paragraph 47 of Crowley's complaint are denied by AVEC, as is the legal conclusion that Crowley's bid in fact expired forty-five (45) days after its receipt.

48.    Crowley's bid speaks for itself. AVEC admits the allegations contained in paragraph 48 of Crowley's complaint insofar as they reflect the language of Crowley's bid. Any

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

deviations from Crowley's bid contained in paragraph 48 of Crowley's complaint are denied by AVEC, as is the legal conclusion that Crowley's Fixed Price bid in fact expired December 4, 2003.

49.    AVEC admits that by its February 20, 2004, letter, it awarded Crowley four areas and awarded two areas to Yukon Fuel Company. The remaining allegations contained in paragraph 49 of Crowley's complaint are denied.

50.    The allegations in paragraph 50 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 50 of Crowley's complaint.

51.    The allegations in paragraph 51 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 51 of Crowley's complaint.

52.    The allegations in paragraph 52 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 52 of Crowley's complaint.

53.    The allegations in paragraph 53 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 53 of Crowley's complaint.

54.    The allegations in paragraph 54 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 54 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

55.     The allegations in paragraph 55 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 55 of Crowley's complaint.

## COUNT II
## MISREPRESENTATION

56.     Answering paragraph 56 of Crowley's complaint, the answers to paragraphs 1-55 above are incorporated by reference herein.

**A.     Misrepresentation as to Price Caps.**

57.     The ITB speaks for itself.    AVEC admits the allegations contained in paragraph 57 of Crowley's complaint insofar as they reflect the language of the ITB.    Any deviations from the ITB contained in paragraph 57 of Crowley's complaint are denied by AVEC.

58.     The ITB speaks for itself.    AVEC admits the allegations contained in paragraph 58 of Crowley's complaint insofar as they reflect the language of the ITB.    Any deviations from the ITB contained in paragraph 58 of Crowley's complaint are denied by AVEC.

59.     The ITB speaks for itself.    AVEC admits the allegations contained in paragraph 59 of Crowley's complaint insofar as they reflect the language of the ITB.    Any deviations from the ITB contained in paragraph 59 of Crowley's complaint are denied by AVEC.

60.     The ITB speaks for itself.    AVEC admits the allegations contained in paragraph 60 of Crowley's complaint insofar as they reflect the language of the ITB.    Any deviations from the ITB contained in paragraph 60 of Crowley's complaint are denied by AVEC.

61.     The ITB speaks for itself.    AVEC admits the allegations contained in paragraph 61 of Crowley's complaint insofar as they reflect the language of the ITB.    Any deviations from the ITB contained in paragraph 61 of Crowley's complaint are denied by AVEC.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

62.    The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 62 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 62 of Crowley's complaint are denied by AVEC.

63.    AVEC denies the allegations contained in paragraph 63 of Crowley's complaint.

64.    AVEC denies the allegations contained in paragraph 64 of Crowley's complaint.

65.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 65 of Crowley's complaint, and therefore denies the same.

66.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 66 of Crowley's complaint, and therefore denies the same.

67.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 67 of Crowley's complaint, and therefore denies the same.

68.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 68 of Crowley's complaint, and therefore denies the same.

69.    The allegations in paragraph 69 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 69 of Crowley's complaint.

70.    AVEC denies the allegations contained in paragraph 70 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

71.     The allegations in paragraph 71 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 71 of Crowley's complaint.

72.     The allegations in paragraph 72 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 72 of Crowley's complaint.

73.     The allegations in paragraph 73 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 73 of Crowley's complaint.

74.     The allegations in paragraph 74 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 74 of Crowley's complaint.

75.     The allegations in paragraph 75 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 75 of Crowley's complaint.

76.     The allegations in paragraph 76 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 76 of Crowley's complaint.

77.     The allegations in paragraph 77 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 77 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

78.     The allegations in paragraph 78 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 78 of Crowley's complaint.

**B.      Misrepresentations as to Quantity Requirements.**

79.     The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 79 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 79 of Crowley's complaint are denied by AVEC.

80.     The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 80 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 80 of Crowley's complaint are denied by AVEC.

81.     AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 81 of Crowley's complaint, and therefore denies the same.

82.     AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 82 of Crowley's complaint, and therefore denies the same.

83.     AVEC denies the allegations contained in paragraph 83 of Crowley's complaint.

84.     The allegations in paragraph 84 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 84 of Crowley's complaint.

85.     AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 85 of Crowley's complaint, and therefore denies the same.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

86.    The allegations in paragraph 86 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 86 in Crowley's complaint.

87.    The allegations in paragraph 87 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 87 of Crowley's complaint.

88.    The allegations in paragraph 88 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 88 of Crowley's complaint.

89.    The allegations in paragraph 89 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 89 of Crowley's complaint.

90.    The allegations in paragraph 90 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 90 of Crowley's complaint.

91.    The allegations in paragraph 91 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 91 of Crowley's complaint.

**C.    Misrepresentation as to Completion of the Award Process and/or Any Agreement.**

92.    AVEC's letter dated February 20, 2004, speaks for itself.  AVEC admits the allegations contained in paragraph 92 of Crowley's complaint insofar as they reflect the

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

language of the letter. Any deviations from the letter contained in paragraph 92 of Crowley's complaint are denied by AVEC.

93.   AVEC denies the allegations contained in paragraph 93 of Crowley's complaint.

94.   AVEC denies the allegations contained in paragraph 94 of Crowley's complaint.

95.   AVEC denies the allegations contained in paragraph 95 of Crowley's complaint.

96.   The allegations in paragraph 96 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 96 of Crowley's complaint.

97.   The allegations in paragraph 97 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 97 of Crowley's complaint.

98.   The allegations in paragraph 98 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 98 of Crowley's complaint.

99.   The allegations in paragraph 99 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 99 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

100.    The allegations in paragraph 100 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 100 of Crowley's complaint.

101.    The allegations in paragraph 101 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 101 of Crowley's complaint.

**COUNT III**
**ESTOPPEL**

102.    Answering paragraph 102 of Crowley's complaint, the allegations of paragraphs 1-101 above are realleged and incorporated by reference herein.

103.    The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 103 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 103 of Crowley's complaint are denied by AVEC.

104.    The allegations in paragraph 104 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 104 of Crowley's complaint.

105.    The allegations in paragraph 105 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 105 of Crowley's complaint.

106.    The allegations in paragraph 106 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 106 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

107.   The allegations in paragraph 107 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 107 of Crowley's complaint.

108.   The ITB speaks for itself.   AVEC admits the allegations contained in paragraph 108 of Crowley's complaint insofar as they reflect the language of the ITB.   Any deviations from the ITB contained in paragraph 108 of Crowley's complaint are denied by AVEC.

109.   The allegations in paragraph 109 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 109 of Crowley's complaint.

110.   The allegations in paragraph 110 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 110 of Crowley's complaint.

111.   The allegations in paragraph 111 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 111 of Crowley's complaint.

112.   The allegations in paragraph 112 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 112 of Crowley's complaint.

113.   AVEC's letter dated February 20, 2004, speaks for itself.   AVEC admits the allegations contained in paragraph 113 of Crowley's complaint insofar as they reflect the

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

language of the letter. Any deviations from the letter contained in paragraph 113 of Crowley's complaint are denied by AVEC.

114. The allegations in paragraph 114 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 114 of Crowley's complaint.

115. The allegations in paragraph 115 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 115 of Crowley's complaint.

116. The allegations in paragraph 116 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 116 of Crowley's complaint.

117. The allegations in paragraph 117 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 117 of Crowley's complaint.

**COUNT IV**
**Action on the Price, AS 45.02.709**

118. Answering paragraph 118 of Crowley's complaint, the allegations of paragraphs 1-117 above are realleged and incorporated by reference herein.

119. AVEC denies the allegations contained in paragraph 119 of Crowley's complaint.

120. AVEC admits the allegations contained in paragraph 120 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

121.    AVEC denies the allegations contained in paragraph 121 of Crowley's complaint.

122.    AVEC admits the allegations contained in paragraph 122 of Crowley's complaint in that it did accept the fuel deliveries made by Crowley.

123.    AVEC denies the allegations contained in paragraph 123 of Crowley's complaint.

124.    AVEC denies the allegations contained in paragraph 124 of Crowley's complaint.

125.    The allegations in paragraph 125 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 125 of Crowley's complaint.

## COUNT V
### Claim for Recovery for Unjust Enrichment and/or Quantum Meruit

126.    Answering paragraph 126 of Crowley's complaint, the allegations of paragraphs 1-125 above are realleged and incorporated by reference herein.

127.    AVEC denies it made "offers to buy" as alleged in paragraph 127 of the complaint but admits that Crowley delivered substantial quantities of fuel to AVEC in 2004 and 2005 under the terms of the ITB.

128.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 128 of Crowley's complaint, and therefore denies the same.

129.    AVEC admits the allegations contained in paragraph 129 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

130.    AVEC denies the allegations contained in paragraph 130 of Crowley's complaint.

131.    AVEC admits the allegation contained in paragraph 131 of Crowley's complaint that it retained the fuel Crowley delivered.    The remaining allegations in paragraph 131 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the remaining allegations contained in paragraph 131 of Crowley's complaint.

132.    The allegations in paragraph 132 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 132 of Crowley's complaint.

133.    The allegations in paragraph 133 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 133 of Crowley's complaint.

## COUNT VI
### Alternative Claim for Breach of Duty of Good Faith and Fair Dealing

134.    Answering paragraph 134 of Crowley's complaint, the allegations of paragraphs 1-133 above are realleged and incorporated by reference herein.

135.    The allegations in paragraph 135 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 135 of Crowley's complaint.

136.    The allegations in paragraph 136 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 136 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

137.   The ITB speaks for itself.  AVEC admits the allegations contained in paragraph 137 of Crowley's complaint insofar as they reflect the language of the ITB.  Any deviations from the ITB contained in paragraph 137 of Crowley's complaint are denied by AVEC.

138.   AVEC admits the allegations contained in paragraph 138 of Crowley's complaint.

139.   AVEC admits the allegations contained in paragraph 139 of Crowley's complaint.

140.   AVEC admits the allegation contained in paragraph 140 of Crowley's complaint that it has enforced the ITB's Price Cap against Crowley.  AVEC further admits that it has not fully paid Crowley's invoiced prices because it is not required to do so under the terms of the contract.

141.   The allegations in paragraph 141 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 141 of Crowley's complaint.

142.   The allegations in paragraph 142 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 142 of Crowley's complaint.

143.   The allegations in paragraph 143 of the complaint state a legal conclusion to which no response is required.  Nonetheless, AVEC denies the allegations contained in paragraph 143 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

144.   The allegations in paragraph 144 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 144 of Crowley's complaint.

### COUNT VII
### Alternative Count for Breach of Contract

145.   Answering paragraph 145 of Crowley's complaint, the allegations of paragraphs 1-144 above are realleged and incorporated by reference herein.

146.   AVEC's letter dated February 20, 2004, speaks for itself.  AVEC admits the allegations contained in paragraph 146 of Crowley's complaint insofar as they reflect the language of the letter.  Any deviations from the letter contained in paragraph 146 of Crowley's complaint are denied by AVEC.

147.   The allegations in paragraph 147 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 147 of Crowley's complaint.

148.   AVEC denies the allegations contained in paragraph 148 of Crowley's complaint.

149.   AVEC denies the allegations contained in paragraph 149 of Crowley's complaint.

150.   The allegations in paragraph 150 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 150 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

151. The allegations in paragraph 151 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 151 of Crowley's complaint.

## COUNT VIII
### Alternative Claim for Equitable Rescission or Reformation

152. Answering paragraph 152 of Crowley's complaint, the allegations of paragraphs 1-151 above are realleged and incorporated by reference herein.

**A.     Impracticability.**

153. The allegations in paragraph 153 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 153 of Crowley's complaint.

154. AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 154 of Crowley's complaint, and therefore denies the same.

155. The allegations in paragraph 155 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 155 of Crowley's complaint.

156. The allegations in paragraph 156 of the complaint state a legal conclusion to which no response is required. Nonetheless, AVEC denies the allegations contained in paragraph 156 of Crowley's complaint.

157. AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 157 of Crowley's complaint, and therefore denies the same.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

158.    The allegations in paragraph 158 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 158 of Crowley's complaint.

**B.    Rescission or Reformation Due to Mutual Mistakes.**

159.    AVEC denies the allegations contained in paragraph 159 of Crowley's complaint.

160.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 160 of Crowley's complaint, and therefore denies the same.

161.    AVEC denies the allegations contained in paragraph 161 of Crowley's complaint.

162.    The allegations in paragraph 162 of the complaint state a legal conclusion to which no response is required.    Nonetheless, AVEC denies the allegations contained in paragraph 162 of Crowley's complaint.

163.    AVEC denies the allegations contained in paragraph 163 of Crowley's complaint.

164.    AVEC denies the allegations contained in paragraph 164 of Crowley's complaint.

165.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 165 of Crowley's complaint, and therefore denies the same.

166.    AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 166 of Crowley's complaint, and therefore denies the same.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

167.     The allegations in paragraph 167 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 167 of Crowley's complaint.

168.     The allegations in paragraph 168 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 168 of Crowley's complaint.

169.     The allegations in paragraph 169 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 169 of Crowley's complaint.

**C.     Rescission Due to Prior Material Breach.**

170.     AVEC denies the allegations contained in paragraph 170 of Crowley's complaint.

171.     AVEC lacks knowledge or information sufficient to form a belief as to the truth or falsity of paragraph 171 of Crowley's complaint, and therefore denies the same.

172.     The allegations in paragraph 172 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 172 of Crowley's complaint.

173.     The allegations in paragraph 173 of the complaint state a legal conclusion to which no response is required.   Nonetheless, AVEC denies the allegations contained in paragraph 173 of Crowley's complaint.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

## II.    DEFENSES

1.    Crowley waived any right to protest the price caps or claim there is no contract because it did not raise this issue until July 9, 2004, well after the terms of the contract were finalized and service had begun.

(a)    Crowley manifested its belief that the parties had a contract through Jim Dwight's e-mail to AVEC on March 3, 2004, indicating his happiness at the results of the bid process.  That e-mail raised no issues or concerns with the state of the parties' contract.  It did not mention or ask for any additional meetings or written agreements.  A copy of the e-mail is attached as Exhibit A.

(b)    Jim Dwight e-mailed AVEC again on March 30, 2004, to indicate that AVEC's orders had been placed into Crowley's system, and requested updated delivery information.  Again, there is no indication that Crowley believed there was a problem with the contract or that any additional documentation (other than updated delivery information) was needed.  A copy of the e-mail is attached as Exhibit B.

(c)    Crowley also sent AVEC the certificate of insurance required by the ITB as a part of the fuel contract.  Those certificates and cover letter specifically reference the 2004 Fuel Bid Number PUR-F-001/04.  A copy of the letter and certificates are attached as Exhibit C.

(d)    AVEC provided purchase orders to Crowley on May 14, 2004, and again specifically made reference in both the cover sheet and on the individual purchase orders to the terms of the 2004 Fuel Bid PUR-F-001/04.  Again, Crowley never objected or protested that no contract had been formed.  Crowley never indicated that additional meetings or

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

documents were needed for a contract to exist. A copy of the cover sheet and a copy of one of the purchase orders are attached as Exhibit D.

(e)    Crowley provided invoices to AVEC in June 2004 that specifically stated that, "PRICE PER 2004-2006 CONTRACT." Crowley's invoices reflected the index price from Crowley's offer. A copy of one of these purchase orders is attached as Exhibit E.

(f)    Prior to July 9, 2004, Crowley never told AVEC there was a problem with the contract, either because of late acceptance, ambiguity, a need for additional discussions, or a need for additional written agreements or documentation. All of Crowley's communications and actions indicated that Crowley believed the parties had a binding contract based on the ITB, Crowley offer, and Notice of Award.

(g)    By meeting with Crowley on February 20, 2004, and exchanging among other things, the documents and e-mails referenced above, any need for additional discussions or finalization were satisfied.

2.    Crowley should be estopped from asserting that the price caps in its offer are not a part of the terms of the agreement between AVEC and Crowley because Crowley has followed and enforced the other terms of the contract.

(a)    AVEC incorporates by reference the statements and Exhibits referenced in its first affirmative defense.

(b)    Crowley should also be estopped from now claiming there was no binding contract because it took the position that the ITB, Crowley offer and Notice of Award did form a binding contract. Crowley told the Lower Yukon School District and Lower Kuskokwim School District that based on the exact same ITB, Crowley offer, and Notice of

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

Award, there was a binding agreement between Crowley and the school districts. Copies of the Crowley letters taking this position are attached as Exhibits F and G.

3.    Crowley assumed the foreseeable risk that fuel prices would increase by submitting a price cap in its bid.

4.    Crowley's claims are barred by the doctrines of laches and unclean hands.

(a)    AVEC incorporates the statements and Exhibits in its first and second affirmative defenses by reference.

5.    The parties formed a valid contract that included price caps.

(a)    AVEC incorporates the statements and Exhibits in its first and second affirmative defenses by reference.

### III.    REQUEST FOR RELIEF

WHEREFORE, AVEC respectfully requests that this Court enter judgment:

1.    Entry of an order declaring that AVEC and Crowley entered into a binding, enforceable contract, and that the terms and conditions of the contract are governed by the ITB, including price caps.

2.    Declaring that Crowley is not entitled to any money damages.

3.    Declaring that AVEC and Crowley's binding and enforceable contract exists through 2006, and that AVEC has the option to continue the contract for an additional two years.

4.    Declaring that performance by Crowley of the binding, enforceable contract between AVEC and Crowley is not impossible or impractible, and that therefore, rescission and/or reformation is not an available remedy.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

5.      Dismissing Crowley's claims in their entirety, with prejudice.

6.      Awarding AVEC its costs and fees incurred in this action to the fullest extent allowed by law.

DATED at Anchorage, Alaska, this 1st day of June, 2006.

KEMPPEL, HUFFMAN AND ELLIS, P.C.
Attorneys for Defendant
Alaska Village Electric Cooperative, Inc.

_____
John Andrew Leman, Alaska Bar No. 9706034

_____
Jason M. Gist, Alaska Bar No. 0505020

CERTIFICATE OF SERVICE
I certify that a copy of the foregoing document
was served on the persons named below
by hand delivery on the 1st day of June, 2006.

Douglas J. Serdahely
Kevin D. Callahan
Rebecca S. Copeland
Patton Boggs LLP
601 West Fifth Avenue, Suite 700
Anchorage, AK 99501

By: _____
Tina M. Gulley, Legal Secretary
Kemppel, Huffman & Ellis, P.C.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604