John Andrew Leman (Alaska Bar No. 9706034)
jal@khe.com
Paul J. Jones (Alaska Bar No. 9411107)
pjj@khe.com
Jason M. Gist (Alaska Bar No. 0505020)
jmg@khe.com

KEMPPEL, HUFFMAN & ELLIS, P.C.
255 E. Fireweed Lane, Suite 200
Anchorage, Alaska 99503-2025
Telephone: (907) 277-1604
Facsimile: (907) 276-2493

*Attorneys for Alaska Village Electric Cooperative, Inc.*

**RECEIVED**
JUN 0 1 2006
CLERK U.S. DISTRICT COURT
ANCHORAGE ALASKA

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALASKA VILLAGE ELECTRIC )<br>COOPERATIVE, INC., )<br><br>Defendant. )<br>_____ ) | Case No. 3:06-CV-00054-TMB |

### MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER

Defendant, Alaska Village Electric Cooperative, Inc. ("AVEC"), opposes Crowley's Motion for Partial Judgment on the Pleadings. Under controlling Ninth Circuit authority, Crowley is not entitled to partial judgment on the pleadings because AVEC has raised affirmative defenses to Crowley's claims in its answer. In addition to its affirmative defenses, AVEC's answer and the complaint, when read together, demonstrate that Crowley is not entitled to a judgment on the pleadings because the parties dispute material facts. Finally, AVEC moves

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

for permission to file the attached Amended Answer that incorporates additional documents as exhibits which show this dispute cannot be properly resolved at the pleading stage. As a result, Crowley's motion for partial judgment on the pleadings should be denied.

## I.    INTRODUCTION AND BACKGROUND.

AVEC is an Alaska nonprofit rural electric cooperative organized under AS 10.25, *et seq.* AVEC provides electricity to its members in 51 villages throughout Alaska. [Complaint ¶ 7, Answer ¶ 7.] Crowley is a worldwide marine transportation and logistics company that delivers fuel to rural Alaska. [Complaint ¶ 6.] This case involves a contract dispute between Crowley and AVEC.

What is not in dispute is that in the spring and summer of 2004, Crowley delivered hundreds of thousands of gallons of fuel to AVEC. In this lawsuit, Crowley is asking the Court to believe that it undertook this massive logistical effort without any contract or agreement to do so. Alternatively, Crowley is asking the Court to throw out material provisions of the contract that Crowley does not like.

The following facts are not in dispute based on the pleadings. In November 2003, AVEC issued an Invitation to Bid ("ITB") for its fuel supplies for 2004 – 2006 with potential extensions through 2008. [Complaint Exh. A.] Crowley submitted a bid on December 1, 2003, in accordance with the ITB. [Complaint Exh. B.] Included in its bid was a set of indexed prices for which it was willing to deliver fuel to AVEC. [Complaint ¶ 15.] The indexed prices essentially provided Crowley with a margin or adder on top of the OPIS Seattle price for diesel fuel. [Complaint Exhs. A and B.] While the overall price of AVEC's fuel could fluctuate based on changing prices for diesel fuel in Seattle, the premium charged by Crowley over the Seattle

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 2 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

OPIS price would remain the same.[1] Crowley's indexed price bid also contained a price cap – a maximum amount of the total price per gallon that Crowley could charge AVEC for fuel regardless of how high the Seattle diesel fuel price went. [*Id.*] Crowley's bid stated that its offer for indexed prices with price caps was valid until January 15, 2004. [Complaint Exh. B, p. 1.]

Although the ITB stated that AVEC would formally notify bid participants of the winning bidders in December 2003, due to various circumstances AVEC did not formally notify the bidders until February 20, 2004. [Complaint Exh. A, p. 1; Exh. C.] On February 20, 2004, at least one Crowley representative visited AVEC's office in Anchorage and received AVEC's formal Notice of Award. [Complaint Exh. D, p. 1.] Under the Notice of Award, AVEC awarded four service area contracts to Crowley. [Complaint Exh. C.]

Crowley has not alleged that it told AVEC at that time that its offer was no longer valid or could not be accepted because of the expiration of its January 15, 2004, deadline. The parties continued to communicate regarding the fuel deliveries over the next several months, exchanging various documents necessary to finalize delivery dates and other terms of the ITB. [*Compare* Complaint ¶¶ 22-23, Answer ¶¶ 22-23.] In May 2004, AVEC issued its first set of purchase orders to Crowley, and Crowley made deliveries to AVEC in accordance with those orders. [Complaint ¶¶ 23-24; Answer ¶¶ 23-24.]

On July 9, 2004, nearly six months after Crowley's January 15, 2004, deadline, more than four months after receiving AVEC's Notice of Award, and nearly two months after beginning its deliveries to AVEC, Crowley sent a letter to AVEC indicating that it would not

---

[1]  Crowley's proposal also provided a CPI adjustment to the fixed margin in the 2006 contract year and the optional additional two years. [Complaint Exh. B.]

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 3 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

KEMPPEL, HUFFMAN AND ELLIS
LAW OFFICES OF
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

follow the terms of the ITB, and specifically, the price caps it submitted with its bid. [Complaint Exh. D.] One of Crowley's reasons for this was that AVEC failed to accept Crowley's offer by the January 15, 2004, deadline. [*Id.*]

Crowley has filed a motion for partial judgment on the pleadings with respect to Count I of its Complaint. That is, Crowley is asking the Court to determine, based on the pleadings alone, that the ITB, Crowley's offer, and AVEC's Notice of Award could not have formed a contract and thus there was no contract, or at least no contract containing price caps. As is explained below, Crowley is not entitled to judgment on the pleadings because AVEC has raised various affirmative defenses to Crowley's Complaint. In addition, taking the Complaint and the Answer together and construing them most favorably to AVEC, there are material factual disputes as to the existence of a contract with price caps. Finally, AVEC is also asking the Court for permission to file an Amended Answer that incorporates additional documents that show Crowley's motion should be denied. Crowley is not entitled to judgment as a matter of law on the pleadings on Count I of its complaint.

## II.    STANDARD OF REVIEW.

A Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c) ("Rule 12(c)") is a method of disposing of a case when the parties do not dispute material facts with respect to the issue at hand. The Court may consider the pleadings themselves and any documents or exhibits attached thereto in determining whether there is a dispute of material fact. *Hal Roach Studios v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The Court should employ the same standard for granting relief under Rule 12(c) as it would under a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 4 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

*See id.* at 1555, n.19. That is, all factual allegations in the non-moving party's pleadings must be accepted as true, and all factual allegations contained in the moving party's pleadings that are denied by the non-movant must be considered false. *Id.* at 1550.

The Court may grant the motion only "where it appears beyond doubt" that no set of facts entitles the non-moving party to relief, and the moving party is entitled to judgment as a matter of law. *See Berg v. Popham*, 412 F.3d 1122, 1125 (9th Cir. 2005). "[A] plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact, that if proved, would defeat recovery. Similarly, if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). *See also* 5 C. Charles Wright & Miller, *Federal Practice and Procedure* § 1368 (1969) ("[T]he plaintiff may not secure a judgment on the pleadings when the answer raises affirmative defenses that, if proved, would defeat recovery.").

Finally, because this case sounds in diversity, the substantive law of the State of Alaska applies to determine the issues of contract law raised in Crowley's motion. *See, e.g., Wickahoney Sheep Co. v. Sewell,* 723 F.2d 767, 769 (9th Cir. 1959).

As is explained below, under the Ninth Circuit's standards for reviewing motions for judgment on the pleadings, Crowley's motion should be denied.

## III.    ARGUMENT.

Crowley is not entitled to partial judgment on the pleadings for two primary reasons. First, Ninth Circuit precedent establishes that a plaintiff is not entitled to a judgment on the pleadings where the defendant has raised an affirmative defense that, if proved, would defeat

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 5 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

plaintiff's recovery. Crowley's motion should be denied because AVEC has properly pled affirmative defenses that would defeat Crowley's claims. Second, AVEC has denied critical portions of Crowley's Complaint, and when read together, the pleadings demonstrate that there are material issues of fact that cannot be resolved based on Crowley's motion. In addition, even if the Court were to determine that judgment on the pleadings were somehow appropriate, AVEC respectfully requests permission to amend its Answer. The Amended Answer incorporates additional documents of which Crowley is fully aware that demonstrate that Crowley's motion should be denied.

### A.     AVEC's Affirmative Defenses Prevent Crowley from Obtaining Partial Judgment on the Pleadings.

Crowley cannot obtain a partial judgment on the pleadings because AVEC has raised affirmative defenses to Crowley's claims. Under controlling Ninth Circuit precedent, a motion for judgment on the pleadings should not be granted when the defendant has raised affirmative defenses to the claims stated in the complaint. Federal Rule of Civil Procedure 8(b) ("Rule 8") requires only that a defendant "state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Thus, this rule does not require a defendant to elaborate on the factual assertions that support its denials or affirmative defenses, and courts should be wary of granting motions under Rule 12(c) because "the pleadings rarely provide a sufficient basis for a judgment on the merits." *Id.* at § 1371.

In *General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, plaintiffs filed a suit for trademark and service mark infringement over

KEMPPEL, HUFFMAN AND ELLIS
LAW OFFICES OF
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 6 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

the term "Seventh-Day Adventist." 887 F.2d at 229. The plaintiff filed a motion for judgment on the pleadings after the defendant failed to properly answer the complaint or oppose the motion. The defendant did file a letter with the court and a "Denial of Plaintiff's Allegations," but did not file an opposition to the motion for judgment on the pleadings. *Id.* at 229-30. The district court granted the plaintiff's motion.

On appeal, the Ninth Circuit Court of Appeals reversed. The court construed the documents filed by defendant as "answers" to the complaint, and determined that these "answers" either raised questions of material fact or presented affirmative defenses. *Id* at 230. Construing all of the allegations as affirmative defenses, the Ninth Circuit reversed the district court's entry of judgment on the pleadings in plaintiff's favor stating that, "if the defendant raises an affirmative defense in his answer it will usually bar judgment on the pleadings." *Id.* at 230 (*citing* 5 C. Wright & Miller, *Federal Practice and Procedure* § 1368 (1969), emphasis added).

Unlike the *Seventh Day Adventists* case, there is no need for the court to search for affirmative defenses in AVEC's answer. For example, in its answer, AVEC raised the affirmative defenses of waiver, estoppel, and the existence of a valid contract between the parties with a price cap. [Answer § II, ¶¶ 1, 2, 4.] As will be demonstrated below, any of these three defenses are sufficient to require denial of Crowley's motion for partial judgment on the pleadings.

1.   AVEC's Affirmative Defense of Waiver Bars Crowley's Motion for Partial Judgment on the Pleadings.

AVEC's first affirmative defense states that, "Crowley waived any right to protest the price caps or claim there was no contract because it did not raise this issue until July 9, 2004,

KEMPPEL, HUFFMAN AND ELLIS
LAW OFFICES OF
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 7 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

well after the terms of the contract were finalized and service had begun." [Answer, § II, ¶ 1.] This is a complete defense to the Crowley claims in Count I of the Complaint.

> (a) The affirmative defense of waiver is a valid defense to the claim that the Notice of Award came too late to be a valid acceptance.

Crowley's primary claim in Count I is that AVEC's Notice of Award came too late because it was issued after the deadline imposed by Crowley in its offer. In *Beirne v. Alaska State Housing Authority*, 454 P.2d 262, 263 (Alaska 1969), the Alaska Supreme Court held that when an offeror fails to insist on strict compliance with a time deadline, "In such a case there is a new offer or a waiver of the termination date of the original offer, and if the offer is accepted a contract is formed." *Id.* at 264-65. AVEC's Answer has pled the affirmative defense of waiver and Alaska law, as stated in *Beirne*, recognizes waiver as a defense to Crowley's claim that no contract was formed because AVEC's Notice of Award came too late.

Crowley's argument is that because an offeror has no obligation to make an offer, the offeror "has full control of its terms, and may specify the time within which the acceptance is limited accordingly." *McKibben v. Mohawk Oil Co.*, 667 P.2d 1223, 1227 (Alaska 1983); *See also Gumear v. Interior Credit Bureau*, 627 P.2d 647, 648 (Alaska 1981). [Crowley Memo at 8.] Those legal contentions are unobjectionable, but they ignore the additional rule of law that an offeror may waive any condition contained in its offer, as the Alaska Supreme Court held in *Beirne*. In *Beirne*, the Housing Authority told Waldrop in a counteroffer that it would sell her a piece of property if she paid the amount of her bid in cash within six months. Waldrop submitted payment by cashier's check twenty-five days after the Housing Authority's offer

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 8 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604
LAW OFFICES OF

expired. *Id.* at 265. The Housing Authority cashed the check and proceeded to sell the property to Waldrop.

If Crowley's view of the law were correct, the Alaska Supreme Court would have held that there was no valid offer for Waldrop to accept because the Housing Authority's offer had expired by its own terms. But that is not what the Alaska Supreme Court held. The court noted that because Waldrop had not submitted payment by the date called for, she had not accepted the Housing Authority's counteroffer and "her power to accept might be held to have expired." *Id.* The court determined, however, that Waldrop had properly accepted the Housing Authority's counteroffer, reasoning:

> [T]here are instances where an offeror, who has imposed a limit of time in his offer, does not care to insist upon it and may indicate a continued willingness to stand by the terms of the offer after the time limit has expired. In such a case there is a new offer or a waiver of the termination date of the original offer, and if the offer is accepted a contract is formed.

*Id.* at 264-65.

Thus, while it is clear that Crowley could control the terms of its offer by specifying that it was valid only until January 15, 2004, it is equally clear under *Beirne* that Crowley could waive this condition and go forward with the contract that was formed when AVEC accepted Crowley's offer on February 20, 2004. Crowley did just that by not protesting the late Notice of Award for nearly six months after the deadline, accepting purchase orders from AVEC, and delivering fuel in accordance with those purchase orders. [Complaint ¶¶ 23-24, 27.] While AVEC did not need to affirmatively aver other facts supporting its waiver defense, such

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 9 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

facts do exist and are incorporated in the proposed Amended Answer attached to this memorandum.

Crowley cites *Gumear* and *McKibben* for the proposition that AVEC could not have accepted Crowley's offer after January 15, 2004, but neither of those cases address the issue of waiver. [*See* Crowley Memo at 7-9] In both cases, after the time for acceptance had expired, neither party denying the existence of a contract took any steps consistent with having a contractual obligation. In *Gumear*, the defendant filed an opposition as soon as the plaintiff requested that an offer of judgment be entered. 627 P.2d at 647. In *McKibben*, when the defendant notified plaintiff that it was accepting plaintiff's offer of judgment, plaintiff informed defendant that the offer was not meant to reach an accord and satisfaction or that it was meant to disavow any rights under the parties' dispute, and took no further action inconsistent with that position. 667 P.2d at 1226-27. Not only did Crowley fail to communicate any objection to moving ahead with the contract, it affirmatively took steps that showed AVEC that Crowley believed the parties had a contract, including, but certainly not limited to, accepting purchases orders from AVEC and delivering fuel in accordance with those orders.

While *Gumear* and *McKibben* do indicate that an offer is limited to the terms contained in the offer, neither case considered whether the terms were waived due to a parties' conduct, nor were there any facts indicating the parties engaged in any such conduct indicating an intent to waive the deadline for acceptance, clearly distinguishing those cases from the case at hand. Under *Beirne*, AVEC has stated a triable defense that Crowley waived its right to claim that AVEC's acceptance was untimely.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 10 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

   (b)    <u>The affirmative defense of waiver can defeat the claim that the Notice of Award was too ambiguous or otherwise insufficient to constitute an acceptance.</u>

AVEC's defense of waiver also applies to Crowley's claim that AVEC's Notice of Award was too ambiguous or otherwise insufficient to constitute an acceptance. [Crowley Memo at pp. 10-14.]  In *Valdez Fisheries*, the Alaska Supreme Court determined on the defendant's motion that the plaintiff could not show that a contract ever existed between the parties.  45 P.3d at 666-67.  In this case, AVEC has stated in its affirmative defenses that "Crowley waived any right to . . . claim there is no contract because it did not raise this issue until . . . well after the *terms of the contract were finalized* and service had begun."  *See* Answer § II, ¶¶ 1 (emphasis added).  AVEC has asserted the affirmative defense of waiver which was not raised in *Valdez Fisheries*.  [Answer § II, ¶¶ 1.]

AVEC has also denied Crowley's allegations that the Notice of Award was ineffective.  [Complaint ¶¶ 50-53; Answer ¶¶ 50-53.]  But even if there had been defects in AVEC's Notice of Award, Crowley waived the right to claim there is no contract by ignoring the purported defects and proceeding to perform the contract.  As the Alaska Supreme Court has held, "An implied waiver arises where the course of conduct pursued evidences an intention to waive a right, or is inconsistent with any other intention than a waiver, or where neglect to insist upon the right results in prejudice to the other party."  *Airoulofski v. State*, 922 P.2d 889, 894 n.4 (Alaska 1996).  As a result of AVEC's affirmative defenses, there is a triable issue as to whether Crowley waived insistence on its January 15, 2004, deadline, and any other defects in AVEC's Notice of Award.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 11 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

2.    AVEC's Affirmative Defense of Estoppel Bar's Crowley's Motion for Partial Judgment on the Pleadings.

AVEC's Answer also pleads the affirmative defense of estoppel.  [Answer § II, ¶ 1.]  The Alaska Supreme Court has noted that "[w]hile we have on occasion treated equitable estoppel and waiver as separate defenses arising from delay in asserting a right, we have also recognized that 'the type of implied waiver created by neglect to insist upon a right is, in reality, a type of equitable estoppel.'"  *Airoulofski v. State*, 922 P.2d 889, 894 n.4 (Alaska 1996).  The Alaska Supreme Court has further held that:

> An implied waiver arises where the course of conduct pursued evidences an intention to waive a right, or is inconsistent with any other intention than a waiver, or where neglect to insist upon the right results in prejudice to the other party.  To prove an implied waiver of a legal right, there must be direct, unequivocal conduct indicating a purpose to abandon or waive the legal right, or acts amounting to an estoppel by the party whose conduct is to be construed as a waiver.

*Id.* (*citing Milne v. Anderson*, 576 P.2d 109, 112 (Alaska 1978).

Under the rule set forth in *Seventh-Day Adventists*, AVEC's affirmative defense of estoppel, standing alone, is sufficient to preclude Crowley from obtaining a judgment on the pleadings because it raises an issue of material fact as to whether Crowley engaged in "direct, unequivocal conduct indicating a purpose to abandon or waive [its] legal right."  *Id.*  As was noted above, in *Valdez Fisheries*, the Alaska Supreme Court determined on the defendant's motion that the plaintiff could not show that a contract ever existed between the parties.  45 P.3d at 666-67.  In this case, however, AVEC has stated in its affirmative defenses that "Crowley should be estopped from asserting that the price caps in its offer are not a part of the terms of the agreement between AVEC and Crowley because Crowley has followed and

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 12 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

enforced the other terms of the contract." [*See* Answer § II, ¶ 2.] That issue was not present in *Valdez Fisheries*.

Moreover, the pleadings show that Crowley took several steps consistent with the existence of a contract between AVEC and Crowley, including, but certainly not limited to: failing to tell AVEC after January 15, 2004, that its offer had expired [Complaint Exh. D.]; accepting AVEC's Notice of Award in person at AVEC's office on February 20, 2004, and then subsequently failing to protest for over four months [*Id.*]; accepting AVEC's purchase orders in May 2004 for AVEC's fuel requirements, again without any indication that there was no contractual arrangement in place [*Id.* ¶ 23]; and, delivering fuel to AVEC in accordance with AVEC's purchase orders. [*Id.* ¶ 24.] Crowley's first indication to AVEC that there might have been a problem did not occur until July 9, 2004, nearly six months after the deadline for acceptance allegedly expired, over four months after it accepted AVEC's Notice of Award without protest, and nearly two months after it accepted AVEC's purchase orders and delivered fuel in accordance with those purchase orders. These actions provide further support to AVEC's affirmative defense that Crowley should be estopped from denying the existence of the contract with price caps.

       3.      AVEC's Affirmative Defense of the Existence of a Valid Contract with Price Caps Bars Crowley's Motion for Partial Judgment on the Pleadings.

AVEC's Answer pled as an affirmative defense the existence of a valid contract with price caps. [Answer Section II, ¶ 5 ("The parties formed a valid contract that included price caps.").] Crowley contends that AVEC's Notice of Award could not have operated as a valid acceptance "[b]ecause it was not an unequivocal acceptance of any offer." [Crowley Memo at p.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 13 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

10.]  As has been pointed out above, any such deficiency is subject to AVEC's defenses of waiver and estoppel.  But Crowley's argument also ignores AVEC's affirmative defense based on the existence of a valid contract with price caps, and that affirmative defense is not limited to the three documents that Crowley has chosen for the Court's consideration.  To determine whether there was a contract, the Court would need to consider the totality of the circumstances and communications between the parties to determine what they agreed upon.  That is not a determination that can properly be made on the pleadings.

Crowley argues that *Valdez Fisheries* controls this case.  A review of the purported acceptance in *Valdez Fisheries* reveals, however, that AVEC's Notice of Award is distinguishable, and was an unequivocal acceptance.  Alyeska Pipeline's purported acceptance in the *Valdez Fisheries* case stated as follows:

> This is to inform you that based on a thorough evaluation of all factors, you have been selected as the winning bidder.  Your proposal is deemed to best meet our requirements for this facility.  <u>We intend to begin the process of negotiating a contract as soon as possible.  For your planning purposes, we would like to be begin discussions the week of May 16, 1994.</u>  You will be contacted by telephone to schedule the place and time to meet.

45 P.3d at 664 (emphasis in original).

The Alaska Supreme Court determined that the language stating that Valdez Fisheries had been selected as the winning bidder could be interpreted as either an acceptance of Alyeska's offer or its intent to merely negotiate with Valdez Fisheries.  *Id.* at 665.  This ambiguity was resolved, however, by the sentence that read "[w]e intend to begin the process of negotiating a contract with you as soon as possible," leaving the only possible interpretation as one in which Alyeska had made an agreement to negotiate, not a binding contract.  *Id.* at 665-66.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 14 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

KEMPPEL, HUFFMAN AND ELLIS
LAW OFFICES OF
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

Unlike the letter in *Valdez Fisheries*, AVEC's Notice of Award was not ambiguous. It specifically stated that "Area <u>contract awards</u> are made as follows," and then listed Crowley as having received four areas. [Complaint Exh. C (emphasis added).] There is no further language stating that AVEC "would like to begin the process of negotiating a contract as soon as possible." *Id.* at 664. The parties both knew at this time that Crowley had received the contract for Areas 2 and 4-6, as their subsequent conduct and communications showed.

Crowley argues the language that stated "[t]o complete this award process, a review of expectations, concerns, and any condition that may affect delivery schedules or the pricing structure will be finalized in writing over the next few weeks, and completed no later than March 12th," made AVEC's Notice of Award sufficiently ambiguous that there could be no contract. [Crowley Memo at 12-13.] In order to create a contract, however, the parties need only agree on the material terms of their agreement. *Interior Credit Bureau, Inc. v. Bussing*, 559 P.2d 104, 106 (Alaska 1997). In addition, as explicitly stated in the Amended Answer, the necessary reviews and finalization in writing did take place.

As the area sheets in the ITB indicate, and as AVEC can show at trial, Crowley was to deliver large amounts of fuel over the course of several months to various locations throughout Alaska. It would have been difficult, if not impossible, for AVEC to give the exact delivery dates to Crowley on February 20, 2004. It is for this reason that the ITB specifically stated that "[q]uantity required and delivery dates listed on the Area Sheets for 2004 are subject to adjustment on or before May 1, 2004." [Complaint Exh. A, p. 1.] Thus, it was necessary for the parties to determine over time exactly when Crowley should make its deliveries. Moreover, it was Crowley's responsibility under the terms of the ITB to provide AVEC with additional

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 15 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

documentation such as proof of insurance within fourteen days of receiving the contract award. [*See* Complaint Exh. A, p. 9.]

Such finalization of non-material terms do not preclude the Notice of Award from operating as an acceptance by AVEC, especially where the parties clearly moved forward with the contract under terms of the ITB when AVEC sent purchase orders to Crowley and Crowley delivered fuel under those orders without protest. Crowley's claim that AVEC's Notice of Award was too ambiguous to be an acceptance over four months after it received the Notice of Award, and that it was merely "wait[ing] until the first round of invoice payments to see what AVEC's intentions were," should not be accepted by this Court once a trial on the merits has been conducted, let alone on the face of the pleadings themselves. [*See* Complaint Exh. D.]

In addition, while Crowley has alleged that such a review of expectations and "finalizing" never occurred, AVEC has denied that allegation. [*See* Complaint ¶ 53 and Answer ¶ 53.] Thus, even to the extent that the Notice of Award required that something else be done to finalize the contract, the issue of what did or did not happen has been squarely put at issue by the pleadings. AVEC's proposed Amended Answer further alleges facts supporting this defense.

Because AVEC has pled affirmative defenses, including waiver, estoppel, and the existence of a valid contract that raise issues which cannot be resolved on the pleadings, Crowley's motion should be denied.

## B.    AVEC's Denials of Crowley's Allegations Are Also Sufficient to Bar Crowley's Motion for Partial Judgment on the Pleadings.

As discussed above, AVEC's affirmative defenses alone require denial of Crowley's motion. However, even in the absence of affirmative defenses, AVEC's denials of

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 16 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

key portions of Crowley's Complaint, and the documents attached to the Complaint itself, show that the question of whether there is a valid contract with price caps cannot be resolved at this early stage in the litigation.

Crowley contends that "where a contract has not been formed and cannot be proved by the party asserting its existence, here AVEC, judgment as a matter of law is appropriate to avoid burdensome discovery exercises." [Crowley Memo at p. 7.] Thus, Crowley argues, it "is entitled to partial judgment on the pleadings on the limited question of whether a contract was formed by the documents pled unless AVEC can overcome the burden of establishing that its February 20 letter was a legally effective acceptance creating a contract on the terms of the ITB." [Crowley Memo at p. 7, emphasis added.] Crowley maintains that "no discovery is necessary" on this issue and relies heavily on *Valdez Fisheries Development Association v. Alyeska Pipeline Service Company* throughout its memorandum for that proposition. 45 P.3d 657 (Alaska 2002).

Crowley's argument misallocates the burden of proof in the pleading stage of a civil lawsuit. In *Valdez Fisheries*, it was the defendant who moved for judgment on the pleadings, not the plaintiff. *Id*. at 664 (Alyeska Pipeline was a third-party defendant). The Alaska Supreme Court held that the plaintiff failed to present any facts whatsoever in its complaint that could entitle it to relief. Because the plaintiff failed to do so, even after amending its complaint on more than one occasion, the court held that the defendant was entitled to judgment on the pleadings. *Id*. at 666-67.

In this case it is Crowley, the plaintiff, moving for judgment on the pleadings, not the defendant. This distinction is important because under Rule 8 (Alaska's version in *Valdez*

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 17 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

*Fisheries*, the substantially similar federal version in this case), <u>a plaintiff</u> is required to set out at least some facts showing that it is entitled to relief. As the court recognized in *Valdez Fisheries*, regardless of what a defendant's answer says, the plaintiff must show in its complaint that he has met at least this low burden. *See Id.* at 667 ("While the Rule 12(b)(6) threshold may be low, it is real – *and it is the plaintiff's burden* to take the step which brings his case safely into the next phase of litigation.") (emphasis added) (internal citations omitted).

Rule 8 does not require the defendant to meet the same burden. Unlike the plaintiff who must allege facts sufficient to entitle him to relief, a defendant need only "state in short and plain terms the party's defenses to each claim asserted and [] admit or deny the averments upon which the adverse party relies." Thus, the rule does not require a defendant to elaborate on the factual assertions that support its denials or affirmative defenses or even prove to the court in its answer that such affirmative defenses are likely to be successful at trial.

AVEC, as the defendant, is under no obligation to "prove" the existence of a contract in its answer. If Crowley were correct, in order to avoid judgment on the pleadings, a defendant would have to do more than simply state its affirmative defenses and admit or deny the averments of the complaint: it would have to craft its own quasi-complaint laying out in detail the facts it can prove to show an entitlement to judgment in its favor. That is one way that a system of civil justice could be crafted to operate, but it is not the notice pleading system created by the Federal Rules of Civil Procedure.

To burden the defendant with "proving" anything in its answer, let alone the existence of a contract, turns the fundamental notice pleading requirement of Rule 8 on its head. AVEC satisfied the requirements of Rule 8 by admitting or denying the allegations in Crowley's

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 18 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

KEMPPEL, HUFFMAN AND ELLIS
LAW OFFICES OF
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

complaint as well as pleading various affirmative defenses. AVEC denied Crowley's allegations that there was no contract under the ITB, Crowley's offer, and AVEC's Notice of Award and affirmatively stated that there was a valid contract. [Answer § II, ¶¶ 1, 5.] As the defendant, AVEC was not required to specify the facts, documents, conversations, etc., that support such a conclusion.

The existence of a contract can be proven through a series of written transactions, so even if the Court were to determine that AVEC's Notice of Award to Crowley was an insufficient acceptance when considered alone, the inquiry would not end. *See* 1 Corbin, *Corbin on Contract* § 31 at 49-52 (1952). Rather, the Court would then have to look at whether the parties exchanged any other documents that demonstrate their belief that a contract existed pursuant to the Notice of Award. These documents could include, but certainly would not be limited to e-mails, internal notes of both AVEC and Crowley, letters from both AVEC and Crowley to each other as well as to third parties, AVEC's purchase orders, and Crowley's invoices to AVEC. AVEC was under no obligation under Rule 8 to provide these documents in its Answer. Thus, Crowley's prediction that the Court's determination could greatly simplify the issues before the Court and save judicial resources is simply incorrect in this regard. [Crowley Memo at pp. 14-16.] The parties will still be required to undertake the same amount of discovery and present the same amount of information to the Court for review, even if the Notice of Award was somehow insufficient standing alone.

It is undisputed in the pleadings, however, that the Notice of Award does not stand alone. At least one representative from Crowley, James M. Dwight, was at AVEC's office on February 20, 2004, to accept AVEC's Notice of Award. [*See* Complaint Exh. D ("AVEC did

KEMPPEL, HUFFMAN AND ELLIS
LAW OFFICES OF
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 19 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

not indicate who the successful bidders were until I visited AVEC's office February 20, 2004.").]

Nowhere in the pleadings or attachments thereto does Crowley reveal that Mr. Dwight, or any other Crowley representative, gave any indication that Crowley was protesting a late award. In fact, it is clear from the pleadings that Crowley's first protest was Mr. Dwight's letter to AVEC dated July 9, 2004, well over four months after receiving AVEC's Notice of Award. [Complaint ¶ 27 and Exh. D, Answer ¶ 27.]

It is also undisputed that Mr. Dwight's July 9, 2004, letter came nearly two months after Crowley received purchase orders from AVEC and began to ship fuel to the areas in which it was awarded contracts. [Complaint ¶¶ 23-24 ("On or about May 13, 2004, Crowley received the first AVEC Purchase Orders for the 2004 season . . . In mid May 2004, Crowley commenced deliveries to AVEC participants."); Answer ¶¶ 23-24.] In addition, Mr. Dwight's July 9, 2004, letter stated that Crowley "waited until the first round of invoice payments to see what AVEC's intentions were." [Complaint Exh. D.]

In *Zeman v. Lufthansa German Airlines*, 699 P.2d 1274, 1281 (Alaska 1985), the Alaska Supreme Court held that, "A party cannot rely on its subjective intent to defeat the existence of a contract if its words and actions objectively and reasonably led another to believe a contract had been entered." In other words, Crowley could not act as if it had a contract and then try to later deny it when it suited its purposes. Crowley's behavior, as alleged in the Complaint, Answer, and exhibits, certainly could support a finding that Crowley acted in a manner that reasonably led AVEC to conclude that there was a contract. As a result, Crowley cannot properly be granted the relief it seeks in its motion for partial judgment on the pleadings.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 20 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

Crowley submits that an alternative ground exists for finding AVEC's Notice of Award ambiguous and thus insufficient to form a contract. It contends that because it submitted two sets of prices, a fixed price and an indexed price, and because AVEC's Notice of Award did not indicate which price it was accepting, the Notice of Award was not an unequivocal acceptance. [Crowley Memo at pp. 13-14.] A similar, but distinguishable, problem was present in *Valdez Fisheries*. In that case, Valdez Fisheries submitted three different lease terms and prices to Alyeska based on the term of the lease. 45 P.3d at 665. Because Alyeska's purported acceptance did not state which term and price it was accepting, the court held that the purported acceptance was ambiguous.

The ambiguity asserted by Crowley here is distinguishable from *Valdez Fisheries* for multiple reasons. First, under the terms of Crowley's offer, AVEC would have been required to specifically communicate to Crowley that it was accepting the fixed price offer and Crowley would have had to further agree to that price term. Crowley's offer states that "[t]he offer for Fixed Prices is valid until close of business December 4, 2004 and is subject to Crowley's confirmation at the time of acceptance of receipt of any prospective award notice." [Complaint Exh. B, p. 1 (emphasis added).] Thus, if AVEC had intended on accepting Crowley's fixed price offer, it would have been required to specifically communicate that to Crowley on February 20, 2004, and according to the terms of its offer, Crowley would have had the option to accept or reject such a term at that time. AVEC did not communicate this to Crowley, however, and thus the parties could have only understood the terms of the contract to be for indexed prices.

Moreover, as noted above, under the *Zemen* case, Crowley could not act as if there was a valid contract while secretly harboring the opinion that there was not, and expect

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 21 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
LAW OFFICES OF
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

relief from the court. Yet, that is exactly what Crowley has done. Jim Dwight's letter admits as much. [Complaint Exh. D, Crowley stating "waited until the first round of invoice payments to see what AVEC's intentions were."] In fact, the first time Crowley has ever complained that the Notice of Award did not sufficiently notify AVEC of what price proposal has been accepted was after the commencement of this litigation. It is too late to take that complaint seriously.

It is undisputed that AVEC sent purchase orders to Crowley, Crowley delivered fuel to AVEC, and Crowley invoiced AVEC for the fuel at indexed prices, although Crowley did not apply the price caps. [*See also* Complaint ¶¶ 23-24, 25 ("On May 15, 2004, Crowley invoiced AVEC for the first round of 2004 deliveries. The invoice prices were set at market price as determined by Seattle OPIS, *the same Indexed Price bid by Crowley but without Price Caps.*" Emphasis added.).] It is equally clear that AVEC paid Crowley according to the indexed prices, with the price caps, before Crowley protested the untimeliness of AVEC's Notice of Award. These facts demonstrate that the parties never had any intention other than to go forward with indexed prices, and that the underlying issue is not whether indexed or fixed prices apply, but whether the price cap should apply to the indexed prices. Crowley's argument that the Notice of Award was ambiguous because it was unclear as to which prices were accepted fail for these reasons.

Because the pleadings taken together show that there is a material issue as to the existence of a contract and its terms, Crowley's motion for partial judgment on the pleadings should be denied.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 22 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

## C.    Motion to Amend Answer.

As AVEC has explained above, there is no reason under Rule 8 that AVEC needed to elaborate on the factual underpinnings and evidence that supported its denials and affirmative defenses. An answer is not supposed to be a set of initial disclosures, a trial brief or a summary judgment motion. However, in an abundance of caution, AVEC is requesting that the Court accept the accompanying Amended Answer for filing.

Under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit reviews a decision as to whether to grant leave to amend "for abuse of discretion, 'but denial of leave is "strictly" reviewed in light of the strong policy permitting amendment.'" *Unigard Security Insurance Company v. Lakewood Engineering & Manufacturing Corporation*, 982 F.2d 363, 371 (9th Cir. 1992), quoting *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798 (9th Cir. 1991).

The Amended Answer does not state new affirmative defenses or change the allegations of the complaint that AVEC has admitted or denied. Instead, the Amended Answer simply references additional facts and documents that support AVEC's affirmative defenses. Included in the documents are correspondence between Crowley and third parties that demonstrates Crowley took the position that the ITB, Crowley offer, and Notice of Award did form a binding contract. [Amended Answer § II, ¶ 2(b).] Crowley told the Lower Yukon School District and Lower Kuskokwim School District that based on the exact same ITB, Crowley offer, and Notice of Award, that there was a binding agreement between Crowley and the school districts. *Id.* It is astonishing that Crowley would tell one fuel customer these documents created

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 23 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

KEMPPEL, HUFFMAN AND ELLIS
LAW OFFICES OF
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

a binding contract, but turn around and try to tell AVEC there is no contract at all.  AVEC did not have these documents until they were provided as a part of Crowley's initial disclosures.

The Amended Answer points to additional specific documents showing that the parties believed that they had a valid binding contract based on the ITB.  These documents include Jim Dwight's e-mail to AVEC on March 3, 2004, indicating his happiness at the results of the bid process which raised no issues or concerns with the state of the parties' contract.  [Amended Answer § II, ¶ 1(a).]  Jim Dwight e-mailed AVEC again on March 30, 2004, to indicate that AVEC's orders had been placed into Crowley's system, and requested updated delivery information.  [Amended Answer § II, ¶ 1(b).]  Crowley also sent AVEC the certificate of insurance required by the ITB as a part of the fuel contract.  [Amended Answer § II, ¶ 1(c).]  Those certificates and cover letter specifically reference the 2004 Fuel Bid Number PUR-F-001/04.  AVEC provided purchase orders to Crowley on May 14, 2004, and again specifically made reference in both the cover sheet and on the individual purchase orders, to the terms of the 2004 Fuel Bid PUR-F-001/04.  *Id.*

The Amended Answer also references the purchase orders issued by AVEC, which also specifically tied them to the ITB documents.  [Amended Answer § II, ¶ 1(d).]  Similarly, Crowley's invoices to AVEC indicated that the prices shown were "PER 2004-2006 Contract."  [Amended Answer § II, ¶ 1(e).]  The Amended Answer also states that prior to July 9, 2004, Crowley never raised any complaints to AVEC regarding timeliness, ambiguities or a need for additional documents to finalize a contract.  [Amended Answer § II, ¶ 1(f).]  Finally, it also points out that by meeting with Crowley on February 20, 2004, and subsequently

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 24 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

exchanging e-mails and documents, all necessary discussion of finalizing of the agreement took place.  [Amended Answer § II, ¶ 1(g).]

All of these documents support AVEC's affirmative defenses and denials of Crowley's allegations.  They show that regardless of whether the Notice of Award could have been rejected by Crowley at the time it was issued, Crowley did not object to it.  Not only that, Crowley, through its actions and words, gave AVEC every indication that a contract had been formed.

While AVEC should not have to file an Answer that lays out these details of its defenses to the complaint, it is willing to do so to ensure that the Court is not being presented with less than complete and accurate information.  Because the Amended Answer does not broaden the issues in the case and discovery has just recently commenced, there is no prejudice to Crowley from allowing this amendment.

## IV.    CONCLUSION

Crowley is precluded from obtaining a judgment on the pleadings under the rule set forth in *Seventh-Day Adventists* that a judgment on the pleadings is improper where the defendant has raised affirmative defenses.  In this case, AVEC has raised numerous affirmative defenses, including waiver, estoppel and the existence of a valid contract with price caps, and thus, the Court should deny Crowley's motion on that ground alone.

It is also clear that in its Answer, AVEC raised sufficient issues of disputed material facts as to the terms of the parties' agreement that preclude Crowley from receiving partial judgment on the pleadings.  Finally, to the extent that Crowley's selective use of documents has created the illusion that there is no contract, that is easily dispelled by accepting

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 25 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

the Amended Answer filed herewith.  For these reasons, Crowley asks that the Court deny

Crowley's motion in its entirety, and accept AVEC's Amended Answer for filing.

DATED this _____ day of June, 2006, at Anchorage, Alaska.

KEMPPEL, HUFFMAN AND ELLIS, P.C.
Attorneys for Alaska Village Electric
Cooperative, Inc.

John Andrew Leman
Alaska Bar Association No. 9706034

Jason M. Gist
Alaska Bar Association No. 0505020

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document
was served on the persons named below
by hand delivery on the 1st day of June, 2006.

Douglas J. Serdahely
Kevin D. Callahan
Rebecca S. Copeland
Patton Boggs LLP
601 West Fifth Avenue, Suite 700
Anchorage, AK 99501

By: _____
Legal Secretary
Kemppel, Huffman & Ellis, P.C.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S OPPOSITION TO MOTION FOR PARTIAL
JUDGMENT ON THE PLEADINGS AND MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 26 of 26
fs\AVEC\CrwlyvAVEC\Pleadings\6-1-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604