John Andrew Leman (Alaska Bar No. 9706034)
jal@khe.com
Paul J. Jones (Alaska Bar No. 9411107)
pjj@khe.com
Jason M. Gist (Alaska Bar No. 0505020)
jmg@khe.com

KEMPPEL, HUFFMAN & ELLIS, P.C.
255 E. Fireweed Lane, Suite 200
Anchorage, Alaska 99503-2025
Telephone: (907) 277-1604
Facsimile: (907) 276-2493

*Attorneys for Alaska Village Electric Cooperative, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALASKA VILLAGE ELECTRIC )<br>COOPERATIVE, INC., )<br>)<br>Defendant. )<br>_____) | Case No. 3:06-CV-00054-TMB |

### MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S MOTION TO AMEND ANSWER

Defendant, Alaska Village Electric Cooperative, Inc. ("AVEC"), hereby submits this memorandum in support of its motion to amend its Answer in the above-entitled matter. AVEC already moved to amend its Answer on June 1, 2006, in connection with its opposition to Crowley Marine Services, Inc.'s ("Crowley's") Motion for Partial Judgment on the Pleadings. The Clerk of the Court, however, directed AVEC to file its Motion to Amend Answer as a separate pleading, which it hereby does.

fs\AVEC\CrowleyvAVEC\Pleadings\6-6-06\f

I.   **INTRODUCTION AND BACKGROUND.**

On May 17, 2006, Crowley moved for Partial Judgment on the Pleadings in the above-entitled matter. In its opposition, AVEC asserted that there was no need for it to plead any factual allegations to support its affirmative defenses because Fed. R. Civ. P. 8 ("Rule 8") requires that a defendant only "state in short and plain terms the party's defenses to each claim asserted and [ ] admit or deny the averments upon which the adverse party relies." [AVEC Memo in Support of Opposition p. 18.] "In an abundance of caution," however, AVEC requested leave to amend its Answer to assert such factual allegations necessary to give the Court a clear view as to the factual disputes at issue in this case. [*Id.* at 23.]

The Court notified AVEC on June 5, 2006, that under its new rules for electronic filing of documents, AVEC could not jointly file an opposition and its Motion to Amend Answer. The Court requested that AVEC file a separate Motion to Amend Answer. It is for this reason that AVEC hereby submits its Motion to Amend Answer and memorandum in support of said motion, requesting that the Court grant AVEC leave to amend its original Answer filed on March 28, 2006. AVEC's Amended Answer, with attached Exhibits, are attached herewith.[1]

II.  **STANDARD OF REVIEW.**

Under Federal Rule of Civil Procedure 15, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit reviews a decision as to whether to grant leave to amend "for abuse of discretion, 'but denial of leave is "strictly"

---

[1] The attached Amended Answer and Exhibits are identical to those submitted with the Memorandum in Support of Alaska Village Electric Cooperative, Inc.'s Opposition to Motion for Partial Judgment on the Pleadings and Motion to Amend Answer filed by AVEC on June 1, 2006. Similarly, the argument contained herein is substantially the same as that found in Section III.C of AVEC's previous memorandum.

reviewed in light of the strong policy permitting amendment.'" *Unigard Security Insurance Company v. Lakewood Engineering & Manufacturing Corporation*, 982 F.2d 363, 371 (9th Cir. 1992), quoting *Texaco, Inc. v. Ponsoldt,* 939 F.2d 794, 798 (9th Cir. 1991).

### III. ARGUMENT.

As explained in its Memorandum in Support of [AVEC's] Opposition to Motion for Partial Judgment on the Pleadings and Motion to Amend Answer, filed June 1, 2006, there is no reason under Rule 8 that AVEC needed to elaborate on the factual underpinnings and evidence that supported the denials and affirmative defenses contained in its Answer. An answer is not supposed to be a set of initial disclosures, a trial brief, or a summary judgment motion. However, in an abundance of caution, AVEC is requesting that the Court accept the accompanying Amended Answer for filing.

The attached Amended Answer does not state new affirmative defenses or change the allegations of the complaint that AVEC has admitted or denied. Instead, the Amended Answer simply refers to additional facts and documents that support AVEC's affirmative defenses, and includes those additional documents as attached Exhibits. Included in the documents are correspondence between Crowley and third parties that demonstrate Crowley took the position that the ITB, Crowley offer, and Notice of Award *did* form a binding contract. [Amended Answer § II, ¶ 2(b), Exhibits F-G.] Crowley told the Lower Yukon School District and Lower Kuskokwim School District that based on the exact same ITB, Crowley offer, and Notice of Award, that there was a binding agreement between Crowley and the school districts. *Id.* It is astonishing that Crowley would tell one fuel customer these documents created a

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 3 of 6
fs\AVEC\CrowleyvAVEC\Pleadings\6-6-06\f

binding contract, but turn around and try to tell AVEC there is no contract at all. AVEC did not have these documents until they were provided as a part of Crowley's initial disclosures.

The Amended Answer points to additional specific documents showing that the parties believed that they had a valid binding contract based on the ITB. These documents include Jim Dwight's e-mail to AVEC on March 3, 2004, that indicated his happiness with the results of the bid process and awards to Crowley, and raised no issues or concerns with the state of the parties' contract. [Amended Answer § II, ¶ 1(a), Exhibit A.] Jim Dwight e-mailed AVEC again on March 30, 2004, to indicate that AVEC's orders had been placed into Crowley's system, and requested updated delivery information. [Amended Answer § II, ¶ 1(b), Exhibit B.] Crowley also sent AVEC the certificates of insurance required by the ITB as a part of the fuel contract. [Amended Answer § II, ¶ 1(c), Exhibit C.] Those certificates and cover letter specifically reference the 2004 Fuel Bid Number PUR-F-001/04. [Exhibit C.] AVEC provided purchase orders to Crowley on May 14, 2004, and again specifically made reference, in both the cover sheet and on the individual purchase orders, to the terms of the 2004 Fuel Bid PUR-F-001/04. [Exhibit D.] The Amended Answer refers to these purchase orders issued by AVEC that specifically tied them to the ITB documents. [Amended Answer § II, ¶ 1(d), Exhibit D.]

Similarly, Crowley's invoices to AVEC indicated that the prices shown were "PER 2004-2006 Contract." [Amended Answer § II, ¶ 1(e), Exhibit E.] The Amended Answer also states that prior to July 9, 2004, Crowley never raised any complaints to AVEC regarding timeliness, ambiguities, or a need for additional documents to finalize a contract. [Amended Answer § II, ¶ 1(f).] Finally, it also points out that by meeting with Crowley on February 20,

2004, and subsequently exchanging e-mails and documents, all necessary discussion of finalizing of the agreement took place in accordance with the terms of the ITB. [Amended Answer § II, ¶ 1(g).]

All of these documents support AVEC's affirmative defenses and denials of Crowley's allegations. They show that regardless of whether the Notice of Award could have been rejected by Crowley at the time it was issued, Crowley did not object to it. Not only that, Crowley, through its actions and words, gave AVEC every indication that a contract had been formed.

While AVEC should not have to file an Answer that lays out these details of its defenses to the complaint, it is willing to do so to ensure that the Court is not being presented with less than complete and accurate information. Because the Amended Answer does not broaden the issues in the case and discovery has just recently commenced, there is no prejudice to Crowley from allowing this amendment.

IV.   **CONCLUSION.**

It is clear that in its Answer, AVEC raised sufficient issues of disputed material facts as to the terms of the parties' agreement that preclude Crowley from receiving partial judgment on the pleadings. However, to the extent that Crowley's selective use of documents has created the illusion that there is no contract, such illusion is easily dispelled by accepting the Amended Answer and its attached Exhibits filed herewith. For these reasons, Crowley asks that the Court grant AVEC's motion for leave to amend its Answer in the above-entitled matter.

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604

DATED this 6th day of June, 2006, at Anchorage, Alaska.

KEMPPEL, HUFFMAN AND ELLIS, P.C.
Attorneys for Alaska Village Electric
Cooperative, Inc.

_____
John Andrew Leman
Alaska Bar Association No. 9706034

_____
Jason M. Gist
Alaska Bar Association No. 0505020

CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document
was served on the persons named below
by hand delivery on the 6th day of June, 2006.

Douglas J. Serdahely
Kevin D. Callahan
Rebecca S. Copeland
Patton Boggs LLP
601 West Fifth Avenue, Suite 700
Anchorage, AK 99501

By: _____
Legal Secretary
Kemppel, Huffman & Ellis, P.C.

MEMORANDUM IN SUPPORT OF ALASKA VILLAGE ELECTRIC
COOPERATIVE, INC.'S MOTION TO AMEND ANSWER
3:06-CV-00054-TMB
Page 6 of 6
fs\AVEC\CrowleyvAVEC\Pleadings\6-6-06\f