# CORBIN ON CONTRACTS

A Comprehensive Treatise
on the
Working Rules of Contract Law

By

ARTHUR LINTON CORBIN
Professor of Law Emeritus
Yale University Law School

*Author of Corbin's Cases on Contracts*

## Volume 3A
## Sections 622–771

ST. PAUL, MINN.
WEST PUBLISHING CO.
1960

Exhibit A
Page 1 of 12

DEDICATED

TO THE

MEMBERS OF THE BENCH AND OF THE BAR

AND TO

ALL OTHER STUDENTS OF THE LAW

---

Copyright, 1920, 1936
by
SAMUEL WILLISTON

Copyright, 1957
by
BAKER, VOORHIS & CO., INC.

Exhibit A
Page 2 of 12

# TABLE OF CONTENTS

## VOLUME 1

INTRODUCTORY ..................................................... Page 1

| Chapter | | Sections |
|---|---|---|
| 1. | Preliminary Definitions | 1–21 |

### PART 1. FORMATION OF CONTRACT

#### TOPIC A. OFFER AND ACCEPTANCE

| | | |
|---|---|---|
| 2. | Offers; Creation and Duration of Power of Acceptance | 22–54 |
| 3. | Acceptance and Rejection of Offer | 55–94 |
| 4. | Indefiniteness and Mistake in Expression | 95–108 |

#### TOPIC B. CONSIDERATION

| | | |
|---|---|---|
| 5. | Reasons for Enforcement of Promises; Acts, Forbearances and Promises Given in Exchange | 109–151 |
| 6. | Consideration—Mutuality of Obligation—Requirement Bargains—Effect of Option | 152–170 |
| 7. | Consideration—Effect of Pre-Existing Duty | 171–192 |

#### TOPIC C. INFORMAL CONTRACTS WITHOUT MUTUAL ASSENT OR CONSIDERATION

| | | |
|---|---|---|
| 8. | Reliance on a Promise as Ground for Enforcement | 193–209 |
| 9. | Past Consideration | 210–239 |

#### TOPIC D. FORMAL CONTRACTS

| | | |
|---|---|---|
| 10. | Contracts Under Seal—Recognizances | 240–258 |

#### TOPIC E. OPTION CONTRACTS

| | | |
|---|---|---|
| 11. | Varieties of Options—The Legal Relations of the Parties | 259–274 |

## VOLUME 2

### PART 2. STATUTE OF FRAUDS

| | | |
|---|---|---|
| 12. | History and Legal Operation of the Statute | 275–300 |
| 13. | Statute of Frauds—Oral Variation on Rescission; Contracts Partly Within | 301–316 |
| 14. | Statute of Frauds—Manner of Raising Defense; Remedies of Restitution and Reformation | 317–345 |

# CHAPTER AND SECTION ANALYSIS

PART IV. CONSTRUCTION AND LEGAL OPERATION OF CONTRACT—CONDITIONS OF LEGAL DUTY

## CHAPTER 30. DEFINITIONS AND TERMINOLOGY— CONDITIONS CLASSIFIED

Sec.
622. The Legal Operation of Contract.
623. The Life History of a Contract—A Series of Facts and Events.
624. What is a Legal Relation?
625. Right to Future Performance Compared with Right to Immediate Performance.
626. Conditional Rights and Duties.
627. Condition Defined.
628. Condition Precedent and Condition Subsequent.
629. Concurrent Conditions.
630. Contractual Duty Not Discharged Merely because it is Not Yet Enforceable.
631. Express Conditions and Implied Conditions.
632. Constructive Conditions.
633. Promise and Condition Distinguished.
634. Can a Condition be "Broken"?
635. Presumption That Words are Promissory Rather Than That They Create a Condition of Duty.
636  Promises to Pay Money Out of Funds yet to be Acquired.
637. Dependent and Independent Promises.
638. Other Classifications of Conditions.

## CHAPTER 31. EXPRESS CONDITIONS— TYPES AND ILLUSTRATIONS

639. Forms of Expression That Will Make a Duty Conditional.
640. Performance by Plaintiff a Condition When Defendant's Performance is Impossible Without It.
641. Promise to Perform When Able, or Out of Earnings.
642. Express Provisions as to Strikes, Fires, and Causes Beyond Promisor's Control.
643. Promises to Render Performance "on Demand".
644. Promises Conditional on Personal Satisfaction.
645. Promise of Satisfaction Compared with Condition of Satisfaction.

### § 754. Waiver of Condition of Payment or Other Performance on Time

Where a contract expressly provides that "time shall be of the essence," or that in case of nonpayment of an instalment on time the rights of the obligor shall be forfeited, or that in such case the obligee may declare a forfeiture, performance on time is thereby made a condition of the obligor's reciprocal rights under the contract. But the courts do not favor forfeitures, either of a property interest in land or goods or of money payments already made for which no equivalent will be received in case the "condition" is insisted on and a "forfeiture" enforced.

To avoid such a forfeiture, the courts have been very astute to find and declare the existence of a waiver or an estoppel. Even though the contract expressly declares that nonpayment on time shall automatically terminate all rights of the obligor and that all overdue payments shall remain due and collectible, such a provision will not be enforced if the creditor has in any way contributed to the default or has in any way indicated that he will not insist upon the forfeiture.[8] If the delay is induced by an expression of

---

8. **U.S.**—Re Barbara Campbell, 105 F.2d 197, 124 A.L.R. 1273 (C.C.A. 9th, 1939); Svaboda v. Cheney, 28 F. 500 (C.C.Neb.1886).

**Ariz.**—Bennie v. Becker-Franz Co., 134 P. 280, 14 Ariz. 580 (1913).

**Cal.**—Chan v. Title Ins. & Trust Co., 246 P.2d 632, 39 Cal.2d 253 (1952). The court found that the vendor had waived the condition of payment on time and had thereafter given no notice specifying a time for payment.

**Ill.**—Nyder v. Champlin, 81 N.E.2d 923, 401 Ill. 317 (1948), failure to insist accompanied by other factors.

**Me.**—Snowman v. Harford, 55 Me. 197 (1867).

**Md.**—Phillips Roofing Co. v. Maryland Broadcasting Co., 40 A.2d 298 (1944).

**Mich.**—Bilandzija v. Shiltz, 54 N.W.2d 705, 334 Mich. 421 (1952).

**Pa.**—Di Giuseppe v. Di Giuseppe, 96 A.2d 874, 373 Pa. 556 (1953);

Warner Co. v. MacMullen, 112 A.2d 74, 381 Pa. 22 (1955), waiver of an express written provision that time shall be of the essence may be by oral statement extending time, by conduct, or by giving wholly other reasons for refusal to perform.

**Wyo.**—Baker v. Jones, 240 P.2d 1165, 69 Wyo. 314 (1952).

Waiver is effective both where the contract provides that on default the other party may "declare" a forfeiture and where it provides for an automatic forfeiture. Maffet v. Oregon & C. R. Co., 80 P. 489, 46 Or. 443 (1905).

**Cal.**—Hoppin v. Munsey, 198 P. 308, 185 Cal. 678 (1921).

**Tex.**—Davidson & Co. v. Hudson, 15 S.W.2d 203 (Civ.App.1929).

**Wash.**—Shaw v. Morrison, 260 P. 666, 145 Wash. 420 (1927).

A waiver is effective even though it is made after default has occurred, or even after the obligee has al-

Exhibit A
Page 5 of 12

§ **754**  ELIMINATION OF CONDITIONS  Pt. 4

ready given notice of forfeiture. Sutphin v. Holbrook, 97 N.W. 1100, 122 Iowa 272 (1904).

**Me.**—Linscott v. Buck, 33 Me. 530 (1852).

**Mass.**—Anderson v. Savage, 139 N.E. 497, 245 Mass. 350 (1923).

**Mich.**—Krell v. Cohen, 183 N.W. 53, 214 Mich. 590 (1921).

**Neb.**—Clark v. Neumann, 76 N.W. 892, 56 Neb. 374 (1898).

**Okl.**—Woodard v. Speck, 245 P. 630, 117 Okl. 27 (1926).

**S.D.**—Speer v. Phillips, 123 N.W. 722, 24 S.D. 257 (1909).

**Wis.**—Godwin v. Miller, 226 N.W. 954, 199 Wis. 497 (1929).

In Carr v. Troutman, 123 N.E.2d 243, 125 Ind.App. 151 (1954), an express provision for forfeiture in case of default in instalment payments for land was made inapplicable by the vendor's having accepted some delayed payments and given notice of forfeiture without first allowing a reasonable time to make up payments and make agreed repairs. The price was $325 down and $4,175 in monthly instalments of $25. The purchaser had occupied for 8 years, made improvements, paid taxes and insurance, and paid 96 instalments.

In Bogad v. Wachter, 283 S.W.2d 609, 365 Mo. 426 (1955), a contract of purchase and sale of land provided that payment of instalments on time was "of the essence" and for forfeiture in case of failure to pay within 30 days. But the vendor accepted several payments of less than the amount due (while protesting), and permitted the purchaser to make improvements. This was held to operate as a "waiver."

See Eddleman v. Deavel, 237 P.2d 38, 107 Cal.App.2d 351 (1951).

A contract for the sale of realty contained a forfeiture clause applicable in case of delay in payments. The vendor accepted some delayed payments without objection, thereby waiving the condition of payment on time and preventing forfeiture for a subsequent delayed payment. The vendor's mailing a notice requiring strict performance, wrongly addressed and never received, did not reestablish the condition. Kingsley v. Roeder, 117 N.E.2d 82, 2 Ill.2d 131 (1954).

In Lissau v. Smith, 138 A.2d 381, 215 Md. 538 (1958), a contract for the sale of land expressly provided for settlement within 90 days and that time was "of the essence". However, the vendor said that the provision was of no importance and expressly requested delay so that he could continue to collect rent from a tenant. Also, there was a federal tax lien to be cleared; and title was not then "merchantable." The purchaser sued for specific performance, without making actual tender, and was given a decree. The time condition was eliminated by waiver and estoppel. Observe, also, that conveyance and payment were to be concurrent; and tender of merchantable title was a condition of the purchaser's duty to pay. See note on this case under § 1137 n. 21.

In Major v. Price, 84 S.E.2d 445, 196 Va. 526 (1954), a vendor granted an extension of time for settlement, for two months. This was held to require no new consideration to operate as a waiver. Also, a repudiation by the vendor before expiration of the two months made tender of payment within that time unnecessary as a prerequisite to a suit for specific performance.

In option contracts, the time for exercise of the option is of the essence; but the time may be extended by waiver or estoppel. In Alpern v. Mayfair Markets, 258 P.2d 7, 118 Cal.App. 541, 37 A.L.R.2d 1166 (1953), a lessee's power to

Exhibit A
Page 6 of 12

waiver or assent, there is an estoppel to take advantage of it as a reason for refusing to render a return performance or as a basis for claiming damages or a forfeiture.[9]

The anxiety of the court to find a waiver or an estoppel increases in proportion to the extent and inequity of the forfeiture. In case the payments already made have been small, the property interest to be forfeited is slight, and the value to be kept by the obligee is no more than reasonable compensation for the obligor's existing breach, the terms of the contract may be enforced with no shock to the conscience of the court. The obligee is then not enforcing a penalty and is not getting something for nothing. Even in these cases, however, the condition of the contract may be eliminated by voluntary waiver.

In any case, the continued recognition of the contract as mutually valid and operative will prevent the obligee from asserting the obligor's existing default as a complete discharge of his own obligation.[10] The acceptance of a delayed payment, whether of

---

terminate the lease in case of injury to the building was held to be extended for two months by continued negotiations with the lessor concerning rebuilding. See § 273.

9. **Eng.**—Hughes v. Metrop. R. Co., 2 App.Cas. 439, 448 (1877); Birmingham & D. Land Co. v. London & N. W. R. Co., 40 Ch.D. 268, 286 (1888, C.A.); Salisbury v. Gilmore, [1942] 2 K.B. 38, 51 (C.A.).

In Wetzel v. Hattrup, 255 P.2d 637, 174 Kan. 244 (1953), payment on time of an instalment on a land purchase was held to have been waived or prevented by the vendor and the purchaser was given specific performance.

10. **U.S.**—Wenzel & Henoch Const. Co. v. Metrop. Water Dist., 115 F.2d 25 (C.C.A.9th, 1940).

**Fla.**—Shouse v. Doane, 21 So. 807, 39 Fla. 95 (1897).

**Ill.**—Welsh v. Jakstas, 82 N.E.2d 53, 401 Ill. 288 (1948).

**N.J.**—Norton v. Miller, 47 A.2d 738, 138 N.J.Eq. 235 (1946).

**Wis.**—Phillips v. Carver, 75 N.W. 432, 99 Wis. 561 (1898).

Recognition of the continuance of the contract and a waiver of the condition of payment on time are evidenced by the creditor's continuing to demand payment, by silence in the face of a request for an extension, by negotiating for a repurchase or other settlement, and in many other ways.

Payment of the price at the time agreed may be waived by the seller, and the purchaser of the land may be given a decree for specific performance conditional on making payment. Stamper v. Ford's Adm'x, 260 S.W.2d 942 (Ky.1953).

Peyer v. Jacobs, 82 N.W.2d 202, 275 Wis. 364 (1957), down payment recovered where vendor sold to a third party after having given extensions of time to plaintiff.

In Zuk v. Irion, 171 N.Y.S.2d 465, 12 Misc.2d 871 (1958), a contract of purchase and sale provided that if the purchaser should be unable to procure a specified mortgage loan within three weeks, either party

Exhibit A Page 7 of 12

§ 754       ELIMINATION OF CONDITIONS       Pt. 4

part or all of the amount then due, without any notice of intention to claim a forfeiture or a discharge, is operative as a waiver with respect to the default that then exists.[11] This is true in spite

should have an option to cancel the contract. In spite of diligent effort, the loan was not obtained; but by mutual consent efforts to obtain it continued for three months. Thereupon the vendor gave notice of cancellation. The power to cancel was not extinguished by the delay; but on exercising it, the vendor was bound to return the purchase money deposit.

11. **U.S.**—Coughran v. Bigelow, 164 U.S. 301, 17 S.Ct. 117, 41 L.Ed. 442 (1896).

**Ala.**—Adams v. Smith, 94 So. 521, 208 Ala. 498 (1922); Nelson v. Sanders, 26 So. 518, 123 Ala. 615 (1899).

**Ark.**—Sorrels v. Marble, 218 S.W. 871, 142 Ark. 300 (1920); Moffatt v. Wyman, 258 S.W.2d 533, 222 Ark. 247 (1953), waiver by continuing to receive delayed payments.

**Cal.**—LaChance v. Brown, 183 P. 216, 41 Cal.App. 500 (1919); Sausalito Bay & Land Co. v. Sausalito Imp. Co., 136 P. 57, 166 Cal. 302 (1913); Powell v. Cannon, 260 P. 2d 202, 119 Cal.App.2d 748 (1953), receipt of a delayed payment of rent operated as a waiver of the condition of payment on time.

**Ga.**—Cowart v. Singletary, 79 S.E. 196, 140 Ga. 435 (1913).

**Iowa**—James v. Towne, 207 N.W.. 790, 201 Iowa 690 (1926).

**Kan.**—Kansas Lbr. Co. v. Horrigan, 13 P. 564, 36 Kan. 387 (1887).

**Mich.**—Zadigian v. Gard, 193 N.W. 783, 223 Mich. 147 (1923); Robinson v. Trufant, 56 N.W. 769, 97 Mich. 410 (1893).

**Minn.**—Jandric v. Skahan, 50 N.W. 2d 625, 235 Minn. 256 (1951), silence with knowledge that delayed payment had been received by agent.

**Neb.**—Paulman v. Cheney, 25 N.W. 495, 18 Neb. 392 (1885); Einot v. Einot Sales Co., 51 N.W.2d 791, 155 Neb. 323 (1952), acceptance of payments coming due after suit already brought is a waiver; suit dismissed.

**N.D.**—Daniel v. Hamilton, 61 N.W.2d 281 (N.D.1953), a lease was subject to forfeiture for failure to make a payment on time, the lessor's delay and other conduct were held to operate as a waiver.

**Or.**—Johnson v. Feskens, 31 P.2d 667, 146 Or. 657, 107 A.L.R. 340 (1934); Cornely v. Campbell, 186 P. 563, 94 Or. 345, rehearing denied 187 P. 1103, 95 Or. 345 (1920).

A group insurance policy for the term of one year provided for renewal by payment of the premium within one month after end of the year. After expiration of the one month period, one of the insured members of the group died. The premium was thereafter paid; it was accepted without notice of the member's death. There was no liability on the ground of waiver for two reasons: (1) the term contract expired and a new contract is not consummated by a "waiver"; (2) acceptance of the premium was no waiver because of ignorance of a vitally material fact. Southern States Life Ins. Co. v. Matthews, 205 F.2d 830 (C.A.4th, 1953).

In Hanover Const. Co. to Use of Ede v. Fehr, 139 A.2d 656, 392 Pa. 199 (1958), the rental of a chattel was due on October 12. On October 19, the holder of the lessee's note, given as security for the rent, sent

of the fact that the payment that is then made is no more than is owed by the obligor and is not a sufficient consideration for a return promise. A waiver of performance on time as a condition of contract rights and duties is effective without any consideration. This is true, of any condition that is not a material part of the consideration,—that is, a material part of the agreed equivalent of the obligee's reciprocal performance under the contract.[12]

The mere receipt of a delayed payment without objection is not operative as a waiver as to defaults that occur subsequently.[13]

---

him a letter reminding him of the default and requesting payment. The court held that the "construction" of this letter was matter of law for the court and that it operated as a "waiver" of the default. It was error to submit it to the jury. Seizure of the chattel on October 20 was illegal.

This section is quoted (also § 755) in Nichols v. Nicholas, 141 A.2d 746, 217 Md. 79 (1958). The plaintiff granted to the defendant an option to purchase the Canary Inn "when and only when the present lessees of the Canary Inn give up their lease." By this, the power of the defendant was expressly limited, and time was of the essence. But for several years after the lessees gave up their lease by assigning it to another, the plaintiff continued to receive payments made by the defendant on account of the purchase price. This action by the plaintiff was held to be a waiver of the time limit; and the defendant was granted a decree for specific performance.

A vendor who has received delayed payments without objection can not enforce a forfeiture provision without first making demand on the purchaser and himself showing readiness to perform. Denkmann Lbr. Co. v. Morgan, 69 So.2d 802, 219 Miss. 692 (1954). Such conduct is a waiver of payment on time.

In Dillard v. Ceaser, 243 P.2d 356, 206 Okl. 304 (1952), the purchaser was entitled to specific performance in spite of failure to pay installments on time (time being of the essence), because the vendor had received and kept delayed payments.

12. See Restatement, Contracts, §§ 88, and 297.

Restatement, Contracts, § 302, states: "A condition may be excused without other reason if its requirement
  (a) will involve extreme forfeiture or penalty, and
  (b) its existence or occurrence forms no essential part of the exchange for the promisor's performance."

13. Ala.—Davis v. Folmar, 83 So. 60, 203 Ala. 336 (1919).

Cal.—Shoemaker v. Cooke, 224 P. 999, 65 Cal.App. 576 (1924).

Idaho—Bowers v. Bennett, 164 P. 93, 30 Idaho 188 (1917).

Ill.—Fox v. Grange, 103 N.E. 576, 261 Ill. 116 (1913).

Or.—Johnson v. Feskens, 31 P.2d 667, 146 Or. 657, 107 A.L.R. 340 (1934).

Wash.—Garvey v. Barkley, 104 P. 1109, 56 Wash. 24 (1909).

Where machines were leased at a specified rental per month, with a discount of 50 per cent for payment 15 days before due, the allowance of the discount on several payments not made 15 days in ad-

Exhibit A
Page 9 of 12

§ 754        ELIMINATION OF CONDITIONS        Pt. 4

For such a result, there must be such conduct on the creditor's part as causes the obligor reasonably to believe that payment on time will not be insisted on in the future. The receipt of one payment, of money to which the obligee is then entitled, is not enough standing alone to induce such a reasonable belief.

Any expressions or conduct of the obligee that leads the obligor reasonably to believe that performance on time will not be insisted on will operate as a waiver of the time condition, as to subsequent defaults as well as to antecedent ones.[14] Such a belief

vance is no waiver of this time condition as to subsequent payments. United Shoe Mach. Co. v. Abbott, 158 F. 762 (C.C.A.8th, 1908).

Where payment of a note was an express condition precedent to the duty of an insurer, the condition was not waived by a mere lenient course of dealing in collecting earlier premiums. Union Cent. Life Ins. Co. v. Buxer, 57 N.E. 66, 62 Ohio St. 385, 49 L.R.A. 737 (1900).

The acceptance of one late instalment is not per se a waiver of the condition of payment on time as to subsequent instalments. The facts must be such as to cause an estoppel. The court quotes and follows A Restatement, Contracts, § 300. A dissenting judge thought that the creditor's conduct created an estoppel, in spite of an express provision in the contract to the contrary, quoting § 763 of this treatise. Pearce v. Schurtz, 270 P.2d 442, 2 Utah 124 (1954).

In Crofoot Lumber, Inc. v. Thompson, 329 P.2d 302, 163 Cal.App.2d 324 (1958), a logging contract required regular accounting of production and payment therefor bi-weekly. The logger rendered short accounts and made short and delayed payments. The seller's continuing to receive payments for a considerable period was held not to deprive him of his power to declare termination of the contract for protracted material breaches or to deprive him of his right to a restitutionary remedy. See note on this case under § 1104, a section quoted by the court.

This section is cited in Finn v. Glick, 127 A.2d 204, 42 N.J.Super. 514 (1956), a case in which payment of instalments on time was of the essence; there had been a "multitude of defaults" by the buyer and "tolerance" by the seller. The court held that the seller had waived the condition of payment on time and had not given such a clear and definite notice as to re-establish it. The delays did not disentitle the buyer to specific performance. See also note under § 723.

14. "The stipulation [in the particular contract before the court] that time shall be of the essence of the contract is made solely for the benefit of the vendor. The rule that the vendor, by his conduct, may waive strict performance and temporarily suspend his right of forfeiture is based on the doctrine that he should not be permitted to use a provision intended for his benefit as a means of intrapping the purchaser. And where the conduct of the vendor, or the entire course of business between the parties, amounts to a waiver of the clause in the contract making time of the essence, such waiver creates a temporary suspension of the right of forfeiture, which can only be revived by giving definite and

Exhibit 4
Page 10 of 12

Case 3:06-cv-00054-TMB   Document 38-2   Filed 06/28/2006   Page 11 of 12

by the obligor may be reasonable where it is induced by the obligee's receipt of a series of delayed payments without objection.[15] Such an effect can be avoided by the obligee by a definite statement to the obligor that he means no such waiver and will insist thereafter on payment as agreed.

There are a good many cases in which it is said that forfeiture for delay in payment will be regarded as waived by a vendor un- specific notice of an intention to revive and enforce it. Stevinson v. Joy, 164 Cal. 279, 285, 128 P. 751; Boone v. Templeman, 158 Cal. 290, 297, 110 P. 947; Myers v. Williams, 173 Cal. 304, 159 P. 982; Pearson v. Brown, 27 Cal.App. 125, 129, 148 P. 956; Burmester v. Horn, 35 Cal.App. 549, 170 P. 674; Gray v. Pelton, 67 Or. 239, 135 P. 755." Andrews v. Karl, 183 P. 838, 42 Cal.App. 513 (1919). In this case the vendor had said to the vendees "that he did not need the money, and that it would be better for them to use the money in working and improving the land." The vendees were thereby induced to withhold payments when due and to improve the land. The court refused to eject the vendees except on repayment of the money paid toward the purchase price, thus relieving against an express forfeiture.

In Cohn v. Weiss, 51 A.2d 740, 356 Pa. 78 (1947), the vendor lulled the vendee into security by expressing sympathy over the illness of the latter's son having knowledge that the vendee understood that payment three days later would be sufficient.

Continuing to negotiate about other matters in dispute may justify a contractor in believing that his delay is not vital. Chemicals Recovery Co. v. U. S., 103 F.Supp. 1012, 122 Ct.Cl. 166 (1952). The statement of facts is long and detailed.

15. **Ala.**—France v. Ramsey, 107 So. 816, 214 Ala. 327 (1926).

**Ariz.**—Tolmachoff v. Eshbaugh, 18 P. 2d 256, 41 Ariz. 318 (1933).

**Cal.**—Stevinson v. Joy, 128 P. 751, 164 Cal. 279 (1912); Boone v. Templeman, 110 P. 947, 158 Cal. 290 (1910); Watkins v. Warren, 10 P. 2d 500, 122 Cal.App. 617 (1932).

**Conn.**—Bronson v. Leibold, 87 A. 979, 87 Conn. 293 (1913).

**Idaho**—Sullivan v. Bureaw, 208 P. 841, 35 Idaho 755 (1922).

**Ill.**—Davies v. Dayton, 131 N.E. 578, 298 Ill. 201 (1921); Lang v. Parks, 166 N.E.2d 10, —— Ill. —— (1960).

**Mich.**—Sliwinski v. Gottstein, 208 N. W. 47, 234 Mich. 74 (1926).

**N.J.**—Brown v. Ely, 113 A. 698, 92 N. J.Eq. 487 (1921).

**N.Y.**—Cranford Co. v. N. Y., 134 N.Y. S. 839, 150 App.Div. 195 (1912), affirmed 105 N.E. 1082, 211 N.Y. 534.

**Or.**—Johnson v. Feskens, 31 P.2d 667, 146 Or. 657, 107 A.L.R. 340 (1934); Olson v. Pixler, 6 P.2d 23, 138 Or. 250 (1931).

**Wash.**—Shaw v. Morrison, 260 P. 666, 145 Wash. 420 (1927).

Where payment of an insurance premium by 12:00 o'clock noon on a certain day was a condition precedent to the duty of the insurance company, fulfillment of this condition in a particular instance is waived by the former course of dealing on the part of the company in receiving premiums at a later hour in the day. Alabama Gold L. Ins. Co. v. Garmany, 74 Ga. 51 (1884).

Exhibit A
Page 11 of 12

§ 754         ELIMINATION OF CONDITIONS         Pt. 4

less he asserts the forfeiture "promptly." [16] From this it might reasonably be inferred that mere silence and inaction for some length of time, in the face of one or more failures to make payment, will operate as a waiver of the condition of payment on time. Usually, if not always, in such cases there has been more than silence; there have been circumstances accompanying such silence that are evidence of the vendor's intention to waive the condition or that now raise an estoppel against him. If the vendor has reason to know that the obligor is making improvements, or otherwise changing his position, in the belief that the vendor does not intend to enforce forfeiture, an estoppel quickly arises.[17] In many cases, the vendor has received delayed payments without objection. This is more than mere silence and inaction by the vendor; and it involves material changes of position by the obligor.[18]

As matter of course, the fact that a buyer in default is permitted to occupy the property and to make improvements, in reliance on statements or conduct by the creditor that a provision for forfeiture will not be enforced, greatly strengthens his position. Courts will then speak in terms of "estoppel" as well as of waiver.[19]

---

16. **Iowa**—Gaughen v. Kerr, 68 N. W. 694, 99 Iowa 214 (1896).

**Kan.**—Cue v. Johnson, 85 P. 598, 73 Kan. 558 (1906).

**Miss.**—Gannaway v. Toler, 84 So. 129, 122 Miss. 111 (1920).

**Tex.**—Tom v. Wollhoefer, 61 Tex. 277 (1884).

**Wis.**—Hall v. Delaplaine, 5 Wis. 206 (1856).

Delay for a few days was not a waiver in Sisson v. Durrant, 278 P. 174, 152 Wash. 382 (1929).

17. **Ala.**—Clark v. Ingram, 160 So. 229, 230 Ala. 160 (1935).

**Ill.**—Peck v. Brighton Co., 69 Ill. 200 (1873).

**N.D.**—Cughan v. Larson, 100 N.W. 1088, 13 N.D. 373 (1904), crop put in; Boyum v. Johnson, 79 N.W. 140, 8 N.D. 306 (1899).

18. **Or.**—Johnson v. Berns, 224 P. 624, 111 Or. 165, rehearing overruled 225 P. 727, 111 Or. 165 (1924).

And see many cases in the earlier notes to this section.

In Arizona Title Guarantee & Trust Co. v. Modern Homes, Inc., 330 P. 113, 84 Ariz. 399 (1958), a land sale contract, payment in monthly instalments, expressly made "time of the essence." The vendor accepted a number of delayed payments, thereby waiving the condition of payment on time as to the past payments and also as to future payments in the absence of notice to the purchaser that thereafter the condition must be strictly fulfilled.

19. **Ark.**—Sorrels v. Marble, 218 S. W. 671, 142 Ark. 300 (1920).

**Ill.**—Allen v. Woodruff, 96 Ill. 11 (1880).

**Okl.**—Berry v. Second Baptist Church, 130 P. 585, 37 Okl. 117 (1913).

496

Exhibit A
Page 12 of 12