Douglas J. Serdahely, Esq. (Alaska Bar No. 7210072)
dserdahely@pattonboggs.com
PATTON BOGGS LLP
601 W. Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Telephone:  (907) 263-6310
Fax:  (907) 263-6345

*Attorneys for Plaintiff Crowley Marine Services, Inc.*

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., </br></br>          Plaintiff, </br></br> vs. </br></br> ALASKA VILLAGE ELECTRIC COOPERATIVE, INC. </br></br>          Defendant. | Case No. 3:06-cv-00054-TMB </br></br> **[PROPOSED] PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS AND TRADE SECRET MATERIALS** |

For the purpose of governing the use and disclosure of confidential information submitted or produced by the parties to this proceeding:

IT IS HEREBY ORDERED THAT this Protective Order Governing Confidential Materials and Trade Secret Materials (this "Protective Order") shall govern the handling of all confidential information submitted or produced in discovery or pursuant to the Court's Orders.

### DEFINED TERMS

1.  "Party" means either Crowley Marine Services, Inc. ("Crowley") or Alaska Village Electric Cooperative, Inc. ("AVEC").

2.  "Producing Party" means a Party that is required to produce Confidential Material or Trade Secret Materials through the discovery process or pursuant to the Court's Orders.

49400v5

3. "Receiving Party" means any person, entity, governmental authority or other organization to whom this Court orders a Party to submit or produce Confidential Material or Trade Secret Materials.

4. "Outside Counsel" means any law firm that is counsel of record for a Receiving Party in this matter and its associated attorneys or other persons employed by such law firm, including legal assistants, clerical staff, and information management personnel.

5. "Expert/Consultant" means an expert retained to assist Outside Counsel for a Receiving Party to prepare Expert Reports (or supplements thereto) for filing by such Receiving Party in the above-referenced matter.

6. "Material" means written, photographic, electronic or other recordation media of any kind, together with extracts, summaries, attachments, exhibits, schedules, drawings, graphs, charts, tables and other data manipulations, whether made by manual, mechanical, electronic or other means, in all cases, including the information contained therein.

7. "Confidential Material" means all Material that is designated by a Producing Party as "Confidential" pursuant to this Protective Order.

8. "Trade Secret Materials" means all Material that is designed by a Producing Party as a "Trade Secret Document" pursuant to this Protective Order and for which the Producing Party asserts a claim of privilege under Federal Rule of Evidence 501, Federal Rule of Civil Procedure 26(c), and Alaska Rule of Evidence 508.

**TERMS AND CONDITIONS**

1. Any Producing Party may designate as "Confidential" any Material for which the Producing Party has a good faith belief that good cause exists to classify the Material as such. All Material claimed to be "Confidential" must be stamped "CONFIDENTIAL -- SUBJECT TO

PROTECTIVE ORDER IN CASE NO. 3-06-cv-00054-TMB" at the top or bottom of each page. All Confidential Material shall be treated as required by this Protective Order.

2.  Any Producing Party may designate as "Trade Secret" any Material for which the Producing Party has a good faith belief that good cause exists to classify the Material as such. All Material claimed to be "Trade Secret" must be stamped "TRADE SECRET -- SUBJECT TO PROTECTIVE ORDER IN CASE NO. 3-06-cv-00054-TMB" at the top or bottom of each page. All Trade Secret Material shall be treated as required by this Protective Order.

3.  No individual who is permitted under this Protective Order to receive materials designated as "Confidential" may receive such materials until he or she does the following:

(a)  executes the declaration attached hereto as <u>Exhibit A</u> for materials marked "Confidential" evidencing such individual's understanding of this Protective Order and agreement to abide by the terms hereof; and

(b)  the Receiving Party files with this Court a copy of this Protective Order as executed by it where indicated below evidencing its agreement to be bound by the terms of this Protective Order and subjecting itself to the jurisdiction of this Court for all matters relating to this Protective Order, including the enforcement hereof.

4.  No individual who is permitted under this Protective Order to receive the "Trade Secret Materials" may receive such document until he or she does the following:

(a)  executes the declaration attached hereto as <u>Exhibit B</u> for "Trade Secret Materials" evidencing such individual's understanding of this Protective Order and agreement to abide by the terms hereof; and

(b)  the Receiving Party files with this Court a copy of this Protective Order as executed by it where indicated below evidencing its agreement to be bound by the terms

49400v5

of this Protective Order and subjecting itself to the jurisdiction of this Court for all matters relating to this Protective Order, including the enforcement hereof.

5. Confidential Material shall be used by a Receiving Party (or its Outside Counsel, Expert/Consultant or Principals) solely for the purpose of preparing expert reports in this matter, and participating in this matter, and shall not be used for any other purpose, including without limitation, any business or commercial purpose or any other proceeding or action.

6. Trade Secret Materials shall be used by a Receiving Party's Outside Counsel or Expert/Consultant solely for the purpose of preparing expert reports in this matter, and participating in this matter, and shall not be used for any other purpose, including without limitation, any business or commercial purpose or any other proceeding or action.

7. If a Producing Party designates Material as "Confidential," it shall be deemed to be Confidential Material subject to this Order unless its designation is changed by such Producing Party or by the Court pursuant to this Protective Order.  Material designated "Confidential" may be given or shown by a Receiving Party solely to (1) its Outside Counsel, (2) its Experts/Consultants, (3) duplicating or copying centers, and (4) its employees with significant responsibility for the preparation of such Receiving Party's expert reports and (5) its Principals (meaning AVEC's Managers and Board Members).

8. The Trade Secret Materials may be given or shown solely to (1) the attorney or attorneys of the Receiving Party's Outside Counsel's law firm who have been specifically designated to review such materials ("designated attorney"), and (2) the designated Receiving Party's Experts/Consultants.  No Principals, employees or other representatives of a Receiving Party shall have access to the Trade Secret Materials.

49400v5

(a) No Outside Counsel or Experts/Consultants may make a copy of the Trade Secret Materials except solely for the limited purposes of preparing expert reports and participating in any hearing in this case.

(b) In addition to the restrictions set forth above, for a period of two years, no designated attorney or attorneys of the Outside Counsel's law firm or Experts/Consultants to whom the Trade Secret Materials have been given or shown may represent or advise any Receiving Party or any other person, entity, governmental authority or other organization in any negotiations over changes to the prices proposed or bid by Crowley for the purchase of fuel from Crowley.

(c) The Outside Counsel's law firm or Expert/Consulting firm that receives the Trade Secret Materials shall take all necessary steps to institute procedures to screen other, non-designated attorneys and personnel from reviewing or receiving the Trade Secret Materials. Such steps shall include labeling all boxes and file cabinets containing the Trade Secret Materials with the case name and caption and the names of the attorneys who are authorized to review or receive the materials contained therein as well as a reference to this Order.

(d) Trade Secret Materials must be provided to the Receiving Party in a sealed envelope clearly marked by the Producing Party to indicate that it contains Trade Secret Materials and should only be opened and viewed by persons who have executed the declaration attached as Exhibit B.

9. If a Party determines that an expert report or other court filing may include or incorporate materials claimed to be Confidential Material or Trade Secret Materials, the Party shall file such document and Confidential Material or Trade Secret Materials under seal.

49400v5

Concurrently, the Party shall provide a proposed redacted version of the document to the other Party.  If the Party who prepared the document is not the Receiving Party, the Receiving Party shall have at least three (3) calendar days to review the document and to identify additional portions of the filing that contain Confidential Materials or Trade Secret Materials so the public version of the filing may be subsequently released without the Confidential Materials or Trade Secret Materials identified by the Producing Party.  The Producing Party shall have a right to respond to the Receiving Party's proposals and may offer additional or alternate proposals to the Court with respect to portions of such pleading which should remain under seal and/or be redacted.  Further, if a Receiving Party intends to refer to Confidential Material or Trade Secret Materials during oral argument or witness examination, the Receiving Party shall notify this Court and the Producing Party of its intention.  The Court may take whatever measures may be appropriate in order to protect such Confidential Material or Trade Secret Materials in such pleadings and/or at the hearing.

10. Within sixty days of the conclusion of the above-referenced proceeding and any appeals therefrom, all Confidential Material and Trade Secret Materials, all copies and extracts, shall be returned to the Producing Party or destroyed.  Counsel of record for each Receiving Party shall certify in writing the return or destruction of all Confidential Material or Trade Secret Materials, file the certification with this Court, and serve the certification on the Producing Party.

11. Counsel of record for the Receiving Parties in this proceeding shall be responsible for implementing appropriate measures and procedures, consistent with this Protective Order, to control duplication of, access to, distribution and use of Confidential Materials and Trade Secret Materials.  No person to whom Confidential Material or Trade Secret Materials are produced or submitted may make a copy thereof, except Outside Counsel for a Receiving Party who shall

confirm that the appropriate legend appears on each page of such copy. Each copy of Confidential Material or Trade Secret Materials shall be considered Confidential Material or Trade Secret Document the use and disclosure of which is governed by this Protective Order.

12. Violation of this Protective Order by reason of unauthorized use or disclosure of Confidential Material or Trade Secret Materials, or any other violation, may be subject to civil penalties and/or any other penalties and remedies provided by law.

13. Any inadvertent, unintentional, or *in camera* disclosure of any Confidential Material or Trade Secret Materials not marked as such shall not be deemed a waiver, in whole or in part, of any Producing Party's claim of confidentiality. Upon receipt of any inadvertently or unintentionally disclosed Confidential Material or Trade Secret Materials, the Receiving Party's counsel shall immediately advise the Producing Party's counsel of such disclosure, and shall follow the direction of the Producing Party's counsel regarding the disposition, destruction or return of all such Materials. Disclosure of any such material prior to the later designation as Confidential Material or Trade Secret Document shall not be deemed a violation of this Protective Order. An attorney of the Outside Counsel's law firm who reviews Trade Secret Materials as a result of the Producing Party's failure to comply with the requirements of this Protective Order is not subject to the restrictions in Paragraph 8(b) as regards the particular Trade Secret document or documents or Materials thus produced. The restrictions contained in Paragraph 8(b) shall, however, remain in full force and effect with regard to all other Trade Secret Materials properly identified and produced by the Producing Party pursuant to this Protective Order.

14. Any Party may challenge the designation of a document as Confidential or a Trade Secret.

49400v5

15.     The provisions of this Protective Order shall survive the termination of the above-referenced proceeding.

16.     All persons having access to any Confidential Materials or Trade Secret Materials shall comply with this Protective Order.

**IT IS SO ORDERED.**

DATED at Anchorage, Alaska this _____ day of _____ 2006.

/s/_____
Honorable Timothy M. Burgess
United States District Judge

ACKNOWLEDGMENT AND AGREEMENT OF RECEIVING PARTIES TO BE BOUND BY THE TERMS OF THIS ORDER AND TO BE SUBJECT TO THE JURISDICTION OF THIS COURT IN ALL MATTERS RELATING TO THIS ORDER, INCLUDING THE ENFORCEMENT HEREOF.

DATED at Anchorage, Alaska this 16th day of August 2006.

>s/ Douglas J. Serdahely
>Douglas J. Serdahely
>PATTON BOGGS LLP
>ABA No. 7210072
>601 W. 5th Avenue, Suite 700
>Anchorage, Alaska 99501
>Tel: (907) 263-6310
>Fax: (907) 263-6345
>E-mail: dserdahely@pattonboggs.com
>
>ATTORNEYS FOR PLAINTIFF CROWLEY MARINE SERVICES, INC.

DATED at Anchorage, Alaska this 16th day of August 2006.

>s/ John Andrew Leman (Consent)
>John A. Leman, Esq.
>Roger R. Kemppel, Esq.
>KEMPPEL, HUFFMAN AND ELLIS, P.C.
>255 E. Fireweed Lane, Suite 200
>Anchorage, Alaska 99503-2025
>Phone: 907.277.1604
>Fax:  907.276.2493
>Email:  jal@khe.com
>
>ATTORNEYS FOR DEFENDANT ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.

49400v5