Douglas J. Serdahely, Esq. (Alaska Bar No. 7210072)
dserdahely@pattonboggs.com
PATTON BOGGS LLP
601 W. Fifth Avenue, Suite 700
Anchorage, Alaska 99501
Telephone: (907) 263-6310
Fax: (907) 263-6345

Attorneys for Plaintiff Crowley Marine Services, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., )<br><br>Plaintiff, )<br><br>vs. )<br><br>ALASKA VILLAGE ELECTRIC COOPERATIVE, INC., )<br><br>Defendant. ) | Case No. 3:06-cv-00054-TMB<br><br>**SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE <u>PLEADINGS</u>** |

At oral argument on Plaintiff Crowley Marine Services, Inc.'s ("Crowley") Motion for Partial Judgment on the Pleadings on September 22, 2006, the Court requested that the parties provide supplemental briefing on the question of whether the Court may properly grant judgment on only one count of a multi-count complaint or must, instead, adjudicate either the entirety of the matter or none of it. Because the law of the Ninth Circuit is clear that judgment on the pleadings is a proper vehicle for deciding discrete questions of law that do not decide all of the issues before the Court, the Court can, and should, grant Crowley's Motion.

51210

## ARGUMENT

### MOTIONS FOR PARTIAL JUDGMENT ON THE PLEADINGS ARE ROUTINELY GRANTED IN ORDER TO DECIDE DISCRETE QUESTIONS PRIOR TO A COMPLETE ADJUDICATION OF A CASE

Motions for partial judgment on the pleadings pursuant to Civil Rule 12(c) are routinely granted, and those grants affirmed, within the Ninth Circuit. *See, e.g., Yanez v. U.S.*, 63 F.3d 870, 873 (9th Cir. 1995) (affirming grant of partial judgment on the pleadings on one count of a complaint); *Lyons v. City of Los Angeles*, 615 F.2d 1243, 1245-46 (9th Cir. 1980) (same). Indeed, "it is common practice to apply Rule 12(c) to individual causes of action." *Carmen v. San Francisco United School District*, 982 F.Supp. 1396, 1401 (D.C. N.D. Cal. 1997), *affirmed* 237 F.3 1026, 1028 n.2 (9th Cir. 2001) (*cited* in Crowley's Reply to Opposition to Motion for Partial Judgment on the Pleadings at 15 [Docket #38] (June 28, 2006) for this proposition). This authority is dispositive here.

Commentators on the rule concur that such motions for partial judgment on the pleadings are commonly recognized: "[m]ore recent cases have recognized the notion of a partial judgment on the pleadings." 5C Wright and Miller, *Federal Practice and Procedure,* Civil 2d., at § 1369, p. 261 (2004). The authors further note that this is positive, and that "[t]he result seems sound in terms of giving the district judge greater flexibility and promoting efficiency and economy." *Id*. at 264, *citing Hausler v. General Elec. Co.*, 134 Fed. Appx. 890 (6th Cir. 2005); *Nahas v. City of Mountain View*, 2005 WL 1683617 (D.C. Cal. 2005); *VNA Plus, Inc. v. Apria Healthcare Group, Inc*., 29 F. Supp. 2d 1253 (D.C. Kan. 1998); *Chi–Mil Corp. v. W.T. Grant Co*., 70 F.R.D. 352 (D.C. Wis. 1976), amended on other grounds 422 F. Supp. 46 (D.C. Wis. 1976). As set forth below and elsewhere, a grant of judgment on the pleadings in this case will certainly "promot[e] efficiency and economy."

The recognition of partial judgment on the pleadings is also consistent with treatment of other motions for partial judgment as a matter of law.  For example, a motion for judgment on the pleadings under Rule 12(c) is like, and often takes the place of, a motion to dismiss under Rule 12(b).  *See* Wright & Miller, *supra*, § 1367 at 216-217, § 1369 at 258-59.  Of course, dismissal of some claims and not others under Rule 12(b) is common and obviously proper.  While there are some differences between the two vehicles, *see id.* § 1369 at 258-59, there is no indication that the availability of partial determinations should be one of them.  *See id.* (exhaustively listing the differences between motions under Rule 12(c) and those under Rule 12(b), and making no mention of the availability of partial judgment).  Similarly, motions for partial summary judgment under Rule 56 are routinely brought and properly granted.[1]

The use of a Rule 12(c) motion for partial judgment on the pleadings, like the analogous motions under Civil Rules 12(b) and 56 for partial dispositions, makes good sense in complicated civil litigation and enables the Court and parties to resolve some issues in such litigations and narrow the focus on the few, remaining issues.  In so doing, the Court will promote judicial efficiency and economy, and will eliminate the needless expenditure of resources by the Court and parties.

In this case, the Court can, and should, grant Crowley's Motion for Partial Judgment on the Pleadings regarding Count I of the Complaint.

---

[1] Indeed, likely almost all early grants of judgment for plaintiffs are "partial" in that they favorably decide only one count, because Plaintiffs are entitled to plead alternative and even contradictory legal theories.  *See* Fed. R. Civ. P. 8(a) and (e)(2).  If dispositive motion practice demanded a decision on every count of the Complaint, it would vitiate these alternative theories and essentially require any plaintiff to choose between legally inconsistent theories of recovery in order to obtain relief without trial.

## **CONCLUSION**

Despite AVEC's assertions to the contrary, Crowley's Motion now before the Court is one of limited scope but great importance. Crowley seeks only a judgment on Count I of its Complaint, that no contract was formed on the face of the bid solicitation, bid proposal, and February 20 letter. For reasons elsewhere given, Crowley is entitled to this judgment. For the reasons given above, granting partial judgment on the pleadings is permissible, will promote judicial efficiency and economy, will narrow the issues which remain to be litigated and will focus the Court's and parties' attention and resources on such remaining issues. Crowley's Motion should be granted.

DATED at Anchorage, Alaska this 26th day of September 2006.

s/ Douglas J. Serdahely
PATTON BOGGS LLP
ABA No. 7210072
601 W. 5th Avenue, Suite 700
Anchorage, Alaska 99501
Tel: (907) 263-6310
Fax: (907) 263-6345
E-mail: dserdahely@pattonboggs.com

Attorneys for Plaintiff Crowley Marine Services, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of September 2006, a copy of the foregoing document was served electronically on:

**John A. Leman, Esq.**  **Jason M. Gist**
jal@khe.com   jmg@khe.com

**Paul J. Jones, Esq.**
pjj@khe.com

By:    s/Maribel Webber
    Legal Secretary/Assistant
    PATTON BOGGS LLP