John Andrew Leman (Alaska Bar No. 9706034)
jal@khe.com
Paul J. Jones (Alaska Bar No. 9411107)
pjj@khe.com
Jason M. Gist (Alaska Bar No. 0505020)
jmg@khe.com

KEMPPEL, HUFFMAN & ELLIS, P.C.
255 E. Fireweed Lane, Suite 200
Anchorage, Alaska 99503-2025
Telephone: (907) 277-1604
Facsimile: (907) 276-2493

*Attorneys for Alaska Village Electric Cooperative, Inc.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALASKA VILLAGE ELECTRIC )<br>COOPERATIVE, INC., )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:06-CV-00054-TMB |

### ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING PARTIAL JUDGMENT ON THE PLEADINGS

I.   INTRODUCTION

Oral argument in the above-entitled matter came before the Court on September 22, 2006, on Crowley Marine Services, Inc.'s ("Crowley's") Motion for Partial Judgment on the Pleadings. At oral argument, the Court expressed concern regarding the "partial" nature of Crowley's motion and asked the parties to provide additional briefing on that issue. While the Ninth Circuit has affirmed partial grants of judgment on the pleadings, Crowley

is seeking a ruling on an extremely narrow issue that will not dispose of the overriding issue regarding the terms of the parties' contractual relationship. Under those circumstances, a partial judgment on the pleadings is premature and inappropriate.

## II. ARGUMENT

Ninth Circuit precedent, as well as persuasive authority, indicates that a motion for judgment on the pleadings is a proper vehicle for disposing of cases only where a favorable ruling would be dispositive of a party's legal and factual claims, and it is clear that the party is entitled to judgment as a matter of law. This is true even where the claims sought to be disposed of comprise only some of the claims brought by a party. Crowley brought the pending motion, not Alaska Village Electric Cooperative, Inc. ("AVEC"), and thus it is Crowley's burden to demonstrate that a partial judgment on the pleadings is proper in this case. *See Avila v. Travelers Ins. Co.*, 651 F.2d 658, 660 and 661 n.3 (9th Cir. 1981) (noting that a party moving for judgment on the pleadings or summary judgment has the burden of establishing that no genuine issues of material fact exist and that it is entitled to judgment as a matter of law).

Crowley cited three Ninth Circuit opinions that demonstrate that partial judgments on the pleadings may be granted: *Carmen v. San Francisco Unified School District*, 982 F. Supp. 1396 (D.C.N.D. Cal. 1997); *Lyons v. City of Los Angeles*, 615 F.2d 1243 (9th Cir. 1980); and *Yanez v. United States*, 63 F.3d 870 (9th Cir. 1995). [Crowley Memo at 2.] These cases demonstrate only that a court <u>may</u> grant a partial judgment on the pleadings in an appropriate case. A review of those cases, however, demonstrates that Crowley has failed to show that the Court <u>should</u> grant such a motion in a case like this one. AVEC has not found, and

ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES REGARDING
PARTIAL JUDGMENT ON THE PLEADINGS
3:06-CV-00054-TMB
Page 2 of 7

fs\AVEC\CrowleyvAVEC\Pleadings\9-29-06\f

Crowley has not brought to light, any precedent in which a court has ruled on such a narrow issue as the one presented here.

Crowley's reliance on *Lyons* is misplaced because the only count of the plaintiff's claim for which the Ninth Circuit Court of Appeals affirmed the district court's entry of partial judgment on the pleadings was a count that had become moot. 615 F.2d at 1245-46. The court noted that count seven was "no longer justiciable," and that therefore it "affirm[ed] the district court as to count seven, intimating no view as to the merits of the appellant's contentions." *Id.* Thus, *Lyons* gives no guidance whatsoever as to the Ninth Circuit's position on when a partial judgment on the pleadings is the appropriate method for disposing of individual claims.

In *Carmen*, one of plaintiff's claims was thrown out on summary judgment. 922 F. Supp. 1396, 1402 (N.D. Cal. 1997). Several of the remaining fourteen claims brought by the plaintiff alleging race and age civil rights violations were dismissed on a partial judgment on the pleadings because the state was immune from suit under the Eleventh Amendment to the United States Constitution. *Id.* (noting that school districts in California are considered the "state" for Eleventh Amendment purposes). The court noted that a motion pursuant to Fed. R. Civ. P. 12(c) "is directed at the legal sufficiency of a party's allegations." 982 F. Supp. at 1401. It is clear that because the defendants were immune from suit as to some of the

ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES REGARDING
PARTIAL JUDGMENT ON THE PLEADINGS
3:06-CV-00054-TMB
Page 3 of 7

fs\AVEC\CrowleyvAVEC\Pleadings\9-29-06\lf

plaintiff's claims, the court had little choice but to dismiss those claims because such claims were fatally defective at their inception.[1]

In the case at hand, there are factual allegations intertwined with the legal effect of the three documents at issue – that is, even if the Court were to grant Crowley's motion, the three documents at issue will still be at issue, and the Court will be required throughout the litigation to examine what effect the three documents had on the parties' contractual relationship. In *Carmen*, the school district was immune or it was not. A decision with such clear guidance on whether a defendant is immune from suit is not applicable to the case at hand where the Court will be required to interpret the language of a series of documents, and will necessarily take into account the parties' reasonable expectations of what those documents meant.

In *Yanez v. United States*, the Court considered plaintiff's personal injury claims against the United States. 63 F.3d at 870. The court applied a common law rule that completely precluded one of the plaintiff's claims for liability under the "peculiar risk doctrine." *Id.* at 871. *Yanez* is inapplicable to the case at hand because a ruling in Crowley's favor would not preclude the parties from demonstrating what effect the three pertinent documents had on their contractual relationship. Indeed, even Crowley has previously stated that AVEC would have an opportunity

---

[1] The court likely could also have dismissed those claims under Fed. R. Civ. P. 12(b). *See Fordjour v. Sheets*, 143 Fed. Appx. 770, 772 (9th Cir. 2005) (dismissing claims against the Director and Assistant Director of the Arizona Department of Transportation because they were immune from suit under the Eleventh Amendment). Using Fed. R. Civ. P. 12(c) as an auxillary to Fed. R. Civ. P. 12(b)(6) gives the court "flexibility and promot[es] efficiency and economy," but is not applicable to the case at hand where factual allegations are intertwined with legal claims. *See* 5C Wright and Miller, *Federal Practice and Procedure*, Civil 2d at § 1369, p. 261 (2004).

ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES REGARDING
PARTIAL JUDGMENT ON THE PLEADINGS
3:06-CV-00054-TMB
Page 4 of 7

fs\AVEC\CrowleyvAVEC\Pleadings\9-29-06\f

to demonstrate that a contract existed through other means. *See* Crowley's Reply to Opposition to Motion for Partial Judgment on the Pleadings, p. 17 (noting that "AVEC is free to pursue claims in this litigation that a contract was separately formed . . ."). It is clear that the three documents at issue will be intertwined throughout this litigation with many factual allegations presented, and it will be up to the Court to decide the scope of the parties' contractual relationship based on all of those allegations. For this reason, Crowley's motion is far narrower than the motion granted in *Yanez*.

Crowley has not cited a single Ninth Circuit case where a court has granted a partial judgment on the pleadings in favor of a plaintiff, let alone on an issue as narrow as the one presented here. As stated in *Carmen*, a motion pursuant to Fed. R. Civ. P. 12(c) "is directed at the legal sufficiency of a party's allegations." 982 F. Supp. at 1401. Because a defendant is not required to make affirmative allegations in its answer, a partial grant of judgment on the pleadings is particularly improper in this case.

In sum, Crowley has cited no Ninth Circuit precedent that would allow it to obtain a piecemeal judgment on the contract claims in this case. Crowley has only demonstrated that a court may grant a defendant's motion for partial judgment on the pleadings where a plaintiff's claims are fatally defective. Crowley has not cited, and AVEC is not aware of, any cases in which such a narrow issue was raised by a plaintiff where a ruling in the plaintiff's favor would have little effect on the remaining issues before the court, and where the court would have had to revisit the effect of its previous ruling throughout the litigation because of intertwined factual allegations. Wright and Miller's conclusion that where "the pleadings do not resolve all of the

ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES REGARDING
PARTIAL JUDGMENT ON THE PLEADINGS
3:06-CV-00054-TMB
Page 5 of 7

fs\AVEC\CrowleyvAVEC\Pleadings\9-29-06\f

factual issues in the case, a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion" is certainly consistent with each of these Ninth Circuit cases. Wright and Miller at § 1367, p. 216. Crowley's attempt to piecemeal the ultimate issue in the case – the terms of the parties' contractual relationship – has no legal basis on which to stand, and there is no logical basis to narrow the issues using the pending motion.

### III. CONCLUSION

The Ninth Circuit precedent cited by Crowley is misplaced and inapplicable to the case at hand. Although a court may enter a partial judgment on the pleadings, it should do so only where it resolves all of the factual and legal issues with respect to that claim. A partial judgment on the pleadings is not appropriate in a case such as this where the Court will most certainly be required to determine the facts surrounding, and the legal effect of, the documents at issue. For the reasons stated herein, Crowley's motion should be denied.

DATED this 29th day of September, 2006, at Anchorage, Alaska.

KEMPPEL, HUFFMAN AND ELLIS, P.C.
Attorneys for Alaska Village Electric
Cooperative, Inc.

_____
John Andrew Leman
Alaska Bar Association No. 9706034

_____
Jason M. Gist
Alaska Bar Association No. 0505020

ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES REGARDING
PARTIAL JUDGMENT ON THE PLEADINGS
3:06-CV-00054-TMB
Page 6 of 7

fs\AVEC\CrowleyvAVEC\Pleadings\9-29-06\f

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on the persons named below electronically on the 29th day of September, 2006.

Douglas J. Serdahely
Kevin D. Callahan
Rebecca S. Copeland
Patton Boggs LLP
601 West Fifth Avenue, Suite 700
Anchorage, AK 99501

By: _Sherry Griffis_
    Legal Secretary
    Kemppel, Huffman & Ellis, P.C.

ALASKA VILLAGE ELECTRIC COOPERATIVE, INC.'S
MEMORANDUM OF POINTS AND AUTHORITIES REGARDING
PARTIAL JUDGMENT ON THE PLEADINGS
3:06-CV-00054-TMB
Page 7 of 7

fs\AVEC\CrowleyvAVEC\Pleadings\9-29-06\f

LAW OFFICES OF
KEMPPEL, HUFFMAN AND ELLIS
A PROFESSIONAL CORPORATION
255 E. FIREWEED LANE, SUITE 200
ANCHORAGE, ALASKA 99503-2025
(907) 277-1604