IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CROWLEY MARINE SERVICES, INC.,<br><br>              Plaintiff,<br><br>    vs.<br><br>ALASKA VILLAGE COOPERATIVE, INC.,<br><br>              Defendant. | Case No. 3:06-cv-00054 TMB<br><br><u>O R D E R</u> |

       Defendant Alaska Village Cooperative, Inc. (AVEC) is a non-profit electric utility company serving residents in 51 communities throughout rural Alaska. AVEC owns the power plants located in its member communities and contracts for the fuel to run those plants. On November 13, 2003, AVEC issued an invitation to bid (ITB) for contracts for fuel. The ITB stated that bids would be accepted until December 1, 2003 and noted that "[b]id evaluation and formal notice of award will be completed within 10 working days after bid opening." The ITB also noted that offers "shall be good and firm for a period of forty-five (45) days from the date of bid opening unless the bidder specifically limits their offer to a shorter period by written notification on the bid documents." Bids were to contain a two-tiered pricing structure, with an indexed price and a firm fixed price or price cap. The ITB stated that "[t]he end-user will be invoiced at the lower of the two prices for that particular delivery."

       Plaintiff Crowley Marine Services, Inc. (Crowley), a marine transportation and logistics company, made an offer in connection with the ITB on December 1, 2003. Crowley's offer contained two price offers, an indexed price offer that by its terms was open until January 15, 2004, and a fixed price offer that by its terms was open until December 4, 2003. On February 20, 2004, AVEC issued a Notice of Award, awarding business for certain areas to Crowley. In May 2004, Crowley received purchase orders from AVEC and commenced deliveries of fuel to AVEC participants. On July 9, 2004 and again on May 3, 2005, Crowley sent AVEC letters explaining

that it did not deem the price caps contained within its offer to be applicable because Crowley's offer was not accepted before the deadline for acceptance.

At issue in this dispute is the nature of the commercial relationship between the parties. Specifically, the parties disagree about whether Crowley is bound by the price caps contained within its offer. Crowley filed a complaint against AVEC on March 8, 2006, asserting a number of claims. Through Count I of Crowley's complaint, Crowley seeks a judicial declaration that no binding contract or obligation was formed by the ITB, Crowley's offer and the February 20 Letter. On May 17, 2006, Crowley filed a motion for partial judgment on the pleadings under Federal Rule of Civil Procedure 12(c), asking this Court to decide as a matter of law that the writings attached to Crowley's complaint, the ITB, Crowley's bid and the February 20 Letter, could not have formed an enforceable contract.

AVEC opposed Crowley's motion, and amended its answer, asserting five affirmative defenses. AVEC claims that Crowley waived any right to protest the price caps or to claim that there was no contract when it did not raise the issue until July 9, 2004, after AVEC alleges the contract was finalized and service had begun. AVEC also asserts the defenses of estoppel, assumption of risk, laches and unclean hands. Finally, AVEC asserts that the parties formed a valid contract that included price caps.

AVEC attached several documents to its amended answer in order to establish that there are issues of fact as to whether a contract including price caps was formed between the parties, including correspondence between the parties and purchase orders which could potentially support the existence of a contractual relationship. The answer also contains letters from Crowley to third-parties setting forth Crowley's understanding that it had a contractual relationship with AVEC based on the February 20 notice of award.

Judgment on the pleadings is proper only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."[1] And "[a] plaintiff is not entitled to judgment on the pleadings when

---

[1] *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

the answer raises issues of fact that, if proved, would defeat recovery."[2]  Because it is clear from the pleadings that there are disputed issues of fact which require further development, the Court concludes that is it too early in this proceeding to determine the legal significance that should be given to the ITB, Crowley's bid and the February 20 Letter.  Crowley's motion for partial judgment on the pleadings is therefore DENIED because "hasty or imprudent use of this summary procedure by the courts violates the policy in favor of ensuring to each litigant a full and fair hearing on the merits of his or her claim or defense."[3]

In conclusion, Crowley's motion for partial judgment on the pleadings at Docket No. 18 is hereby DENIED.

Dated at Anchorage, Alaska, this 13th day of October, 2006.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge

---

[2] *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989).

[3] 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).